LEANDER OWENS, LEONA ROBISON, THAYRON MOHR, LYDIA HUTCHINSON, WILMA FOSTER, DAVID GREGORY, NANCY GREGORS, CALVIN GRUBB AND JAMES FUNN, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED *v.* HONORABLE HAROLD KOHLMEYER, PRESIDING JUDGE OF THE MARION COUNTY MUNICIPAL COURT, HONORABLE TAYLOR BAKER, JUDGE OF THE MARION COUNTY MUNICIPAL COURT, HONORABLE PATRICK BARTON, JUDGE OF THE MARION COUNTY MUNICIPAL COURT, HONORABLE DAVID CALDWELL, JUDGE OF THE MARION COUNTY MUNICIPAL COURT, HONORABLE FRANK HARLOW, JUDGE OF THE MARION COUNTY MUNICIPAL

COURT, HONORABLE FRANK HUSE, JUDGE OF THE MARION COUNTY MUNICIPAL COURT, HONORABLE CHARLES WILES, JUDGE OF THE MARION COUNTY MUNICIPAL COURT, WALTER BRAVARD, CHIEF ADMINISTRATIVE OFFICER OF THE MARION COUNTY MUNICIPAL COURT PUBLIC DEFENDER'S OFFICE, WILLIAM H. HUDNUT, III, MAYOR OF THE CITY OF INDIANAPOLIS, CITY-COUNTY COUNCIL OF THE CITY OF INDIANAPOLIS, MARION COUNTY, INDIANA, AND ITS MEMBERS, INDIVIDUALLY, JOINTLY, AND SEVERALLY IN THEIR OFFICIAL CAPACITIES, FRED ARMSTRONG, MARION COUNTY, INDIANA, CONTROLLER, JEROME FORRESTAL, MARION COUNTY, INDIANA, AUDITOR, THOMAS O'BRIEN, CLERK OF THE MARION COUNTY MUNICIPAL COURT, MARION COUNTY TAX ADJUSTMENT BOARD, AND ITS MEMBERS, INDIVIDUALLY, JOINTLY, AND SEVERALLY IN THEIR OFFICIAL CAPACITIES, INDIANA STATE BOARD OF TAX COMMISSIONERS AND ITS MEMBERS, INDIVIDUALLY, JOINTLY, AND SEVERALLY IN THEIR OFFICIAL CAPACITIES

[No. 1-378A73. Filed November 2, 1978. Rehearing denied December 7, 1978. Transfer denied March 20, 1979.]

*John D. Blumenthal, L. Peter Iverson, William E. Marsh, Legal Services Organization of Indiana, Inc., Lawrence Reuben, Ronald E. Elberger, Indiana Civil Liberties Union*, of Indianapolis, for appellants.

*Theodore L. Sendak*, Attorney General of Indiana, *Alembert W. Brayton*, Deputy Attorney General, for appellees.

ROBERTSON, J. — The plaintiffs filed their complaint for injunctive relief and motion for preliminary injunction and certification as a class action in Marion Superior Court. Five days later, defendant Bravard moved for a change of venue from the county, which resulted in the cause being transferred to the Hancock Circuit Court. Subsequently, that court granted defendants' motions to dismiss for lack of subject matter jurisdiction.

This Court is now presented with the following issue for review:

Whether the Hancock Circuit Court erred in holding that neither the Marion Superior Court nor the Hancock Circuit Court standing in its place, bears a relationship of a reviewing court to the Marion Municipal Court and, therefore, neither court had jurisdiction to mandate the Marion Municipal Court regarding the supervision of the public defender program administered by the Marion Municipal Court.

We find no error by the trial court and therefore affirm.

The plaintiffs base their action on the general contention that certain inherent flaws in the operation of the public defender system deprive them of effective assistance of counsel. Consequently, the plaintiffs argue (1) that the circuit court has general equity jurisdiction to grant equitable relief, (2) that pursuant to statute, the circuit court has jurisdiction, and (3) that the Marion County Municipal Court is such an inferior tribunal.

In *State ex rel. Gannon v. Lake Circuit Court* (1945), 223 Ind. 375, 61 N.E.2d 168, our Supreme Court stated that ordinarily the word "inferior" is descriptive of a court whose functions or decisions are under the supervision of a higher court. Our legislature has provided for review of decisions from the Marion Municipal Court. IND. CODE 33-6-1-8 provides for appeal in civil cases, except judgments involving violations of municipal ordinances, to be taken to the Court of Appeals. Appeals in criminal cases, on the other hand, are to be taken to the Marion Criminal Court. IC 33-6-1-9. Marion Superior, the court in which this action was originally filed, is not in the position of a reviewing court and therefore had no jurisdiction of this cause. *See also* IC 33-5-35-6. Since the Hancock Circuit Court received this action as a result of a change of venue, its jurisdiction and powers could only be as great as the court from whence it came, that is, the Marion Superior Court.

Consequently, it too had no jurisdiction, as was properly determined by the trial judge. However, since the Marion Criminal Court[1] has no injunctive relief powers, the proper remedy would appear, at first blush, to be by Petition for Writ of Mandate to the Indiana Supreme Court.[2]

The judgment of the trial court is affirmed.

Lowdermilk and Young, JJ., concur.

NOTE—Reported at 381 N.E.2d 1097.

1. *See* IC 33-9-1-4.
2. IC 34-1-58-1; Ind. Rules of Procedure, Original Actions Rules; *see Corbin v. State,* (1957) 237 Ind. 293, 145 N.E.2d 170.