W. Kenneth BALDWIN, Cherokee Realty, Inc. and Robert A. Rausch, Appellants (Defendants Below),

v.

Everett W. CLODFELTER, Appellee (Plaintiff Below).

No. 2–1077A409.

Court of Appeals of Indiana, Second District.

April 4, 1979.

Charles R. Deets, III, Lafayette, for appellants.

Suzanne C. Klinghammer, Lafayette, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Defendants-appellants W. Kenneth Baldwin and Cherokee Realty, Inc. (these two defendants will hereinafter be referred to as Cherokee)[1] appeal from a default judgment entered by the Small Claims Division of the Tippecanoe County Court, claiming a default judgment should not have been reinstated.

We affirm.

## FACTS

After the closing of a sale of land by the plaintiff, Everett W. Clodfelter (Clodfelter), to Robert A. Rausch (Rausch) with Cherokee as broker, Rausch discovered that the survey he had received was not certified. Clodfelter had the land resurveyed and procured a certified survey which he delivered to Rausch. The cost of the survey was $300.00; Clodfelter filed a complaint in the Small Claims docket against Cherokee and Rausch for this amount plus costs.

Significant to this appeal are these events:

October 19, 1976 Clodfelter filed complaint against Cherokee and Rausch.

November 29, 1976 Hearing held. Defendant Rausch attended hearing.

Cherokee did not appear. Court found for Rausch. Default judgment entered against Cherokee.

March 30, 1977 Hearing held on petition in proceedings supplemental. Attorney for Cherokee appeared at hearing. Default judgment set aside. May 11, 1977 set for new hearing.

April 4, 1977 Clodfelter files motion to correct errors and a petition to reinstate default judgment.

May 2, 1977 Clodfelter's petition to reinstate default judgment granted.

June 30, 1977 Cherokee files motion to correct errors.

## ISSUES

On appeal Cherokee alleges the trial court erred:

(1) in entering a default judgment against Cherokee without giving three days prior notice pursuant to Ind.Rules of Procedure, Trial Rule 55, and

(2) by reinstating the default judgment once it had been set aside.

## DECISION

### ISSUE ONE

CONCLUSION—The court did not err in failing to give the three day notice as provided by TR. 55 before entering a default judgment.

Anticipating the necessity of a definitive statement of procedural rules to govern the operation of the newly created courts handling small claims, the Indiana Supreme Court adopted Rules for Small Claims effective January 1, 1976.

Accordingly, S.C. Rule 8(A) provides:

The trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, *and shall not be bound by the statutory provisions or rules of practice*, procedure, pleadings or evi-

---

1. The facts are not entirely clear, but from the record it would appear that Baldwin is the owner or a principal officer of Cherokee Realty.

dence except provisions relating to privileged communications and offers of compromise. (emphasis added)

As to defaults, S.C. Rule 10(B) states: Default. 1. If the defendant fails to appear at the time and place specified for the hearing, or for any continuance thereof, the court may enter a default judgment against him. Before default judgment is entered, the court shall examine the notice of claim and return thereof and make inquiry, under oath, of those present so as to assure the court that:

    (a) Service of notice of claim was had under such circumstances as to establish a reasonable probability that *the defendant* received such notice.

    (b) Within the knowledge of those present, the defendant is not under legal disability and has sufficient understanding to realize the nature and effect of the notice of claim.

    (c) The plaintiff has a prima facie case.

After such assurance, the court may render default judgment and, upon entering such judgment, shall assess court costs against the defendant.

2. Upon good cause shown the court may, within one year after entering a default judgment, vacate such judgment and reschedule the hearing of the original claim. Following the expiration of one year, the judgment debtor may seek a reversal of the original judgment only upon the filing of an independent action, as provided in Ind.R.Tr.P. 60(B). (emphasis added)

It is obvious from even a casual reading of these two rules that TR. 55 (with its three day notice requirement) is not applicable to these proceedings . . . S.C. Rule 10(B) is applicable.

## ■ ISSUE TWO

CONCLUSION—The trial court did not err in reinstating the default judgment.

The entry of a default judgment is within the sound discretion of the trial judge. *Pounds v. Pharr* (1978), Ind.App., 376 N.E.2d 1193; *Payne v. Doss* (1976), Ind. App., 354 N.E.2d 346.

The record before us indicates that Cherokee had received proper notice of the claim being made: (1) a copy of the return receipt from the summons to Cherokee was included in the record, (2) Rausch testified that he had discussed the upcoming hearing with Cherokee and Cherokee was fully aware of the hearing and its date, and (3) the court in its initial entry of the default judgment found that Cherokee had been advised of the hearing and the date. *Cf. Eicher v. Walter A. Doerflein Insurance Agency* (1979), Ind.App., 384 N.E.2d 1126 (small claims court stated party *had not* received notice and default judgment must be set aside because mail notice had been returned unclaimed).

So the conclusion is inescapable that the court properly followed S.C. Rule 10(B) in entering the default judgment on November 29, 1976.[2] Subsequently, this judgment was set aside on Cherokee's petition that its *counsel* had not received notice of the hearing date. Recognizing that any such omission is not "good cause shown" under S.C. Rule 10(B)(2) because only the "defendant" is required to receive notice under S.C. Rules 3 and 10(B)(1), the trial judge properly reinstated the default judgment. Under these circumstances it is the attorney's responsibility to inquire either of the court or of his client as to the date and time set for hearing. *Ed Martin Ford Co. v. Martin* (1977), Ind.App., 363 N.E.2d 1292.

Cherokee was afforded its day in court; as a result of inattentiveness or indifference it did not avail itself of the opportunity to present its position.

In light of the rules governing small claims, which the court apparently followed, we can perceive no abuse of discretion. In doing so we assume the default judgment

---

2. S.C. Rule 10(B)(1) also requires that the defendant not be under a disability and the plaintiff must have a prima facie case. Nothing in the record indicates that Cherokee was under a disability nor did it claim as much in any of its pleadings or motions. At the hearing held on November 29, 1976, Clodfelter presented a prima facie case.

was reinstated for the failure of Cherokee to show good cause to set it aside.[3] One of the cornerstones of appellate procedure is that we will utilize any valid legal theory to support a trial court's judgment. *Thornton v. Pender* (1978), Ind., 377 N.E.2d 613; *Monarch Industrial Towel and Uniform Rental, Inc. v. Model Coverall Service, Inc.* (1978), Ind.App., 381 N.E.2d 1098; *Goff v. Graham* (1974), 159 Ind.App. 324, 306 N.E.2d 758.

Affirmed.

SHIELDS and SULLIVAN, JJ., concur.

---

**3.** In *Reynolds v. Meehan* (1978), Ind.App., 375 N.E.2d 1119, this court reversed and remanded the sustaining of a Motion to Correct Errors by the small claims court because general reasons were not given for the court's action as required by TR. 59(E). In the case before us there was no requirement for the judge to state his reasons for reinstating the default judgment; S.C. Rule 11(A) indicates that the requirements of the trial and appellate rules become applicable only upon an entry of a final judgment and a review thereof.