**Joe CLARK d/b/a Clark Automotive, Appellant (Defendant Below),**

v.

**Kathleen and Gary RICHARDSON, Appellees (Plaintiffs Below).**

No. 4–782A228.

Court of Appeals of Indiana, Fourth District.

Jan. 26, 1983.

Richard H. Crokin, Indianapolis, for appellant.

William T. Lawrence, Lawrence, Carter, Gresk & Leerkamp, Indianapolis, for appellees.

YOUNG, Presiding Judge.

Appellant-defendant Joe Clark d/b/a Clark Automotive appeals the trial court's entry of judgment awarding appellees-plaintiffs Kathleen and Gary Richardson $2560.06 for breach of a bailment contract. We affirm.

Richardsons contracted with Clark to repair a vehicle believed to have electrical problems. After repair of those problems, the car was damaged while being returned under the direction of Clark. Richardsons brought suit in the Wayne Township Small Claims Court of Marion County to recover from Clark the costs of a rental car, insurance deductible and all other incidental and

consequential damages. Upon Clark's request for a jury trial, the cause was automatically transferred to Municipal Court.[1] After the jury trial was waived, the cause was submitted to trial by the court. Judgment was entered for Richardsons for $2560.06.

Clark raises four issues:

1) Whether the damage amount awarded exceeds the jurisdictional limit of the small claims court from which the cause was transferred upon defendant's request for jury trial;

2) Whether special damages were sought and adequately pled;

3) Whether the trial court erred in admitting a repair order listing an estimate of the work done and the charges therefor; and

4) Whether the evidence supports the damage award.

Richardsons filed their claim in the Small Claims Court. There are no jury trials in small claims court. Ind.Code 33–11.6–4–9. A defendant in small claims court may timely request a jury trial and upon such request the claim is transferred to Municipal Court. Ind.Code 33–11.6–4–10; M.S.C. Rule 13(A) (set out in n. 1.). Clark requested a jury trial and the claim was transferred to Municipal Court. The jury trial was later waived and the matter was tried to the court with a judgment rendered for plaintiff in excess of the small claims jurisdictional limit. The Small Claims Court had a jurisdictional limit of $1500 at the time this claim was filed. Ind.Code 33–11.-6–4–2 (since amended to permit claims not exceeding $2000 by Acts 1981 P.L. 284, § 2).

█ Clark argues that it was error for the court to award an amount in excess of the limits of the court in which the claim originated. He proceeds contending that when a case is transferred from one court

to another the court which received the case can have no greater jurisdiction than that of the court which transferred the case, citing *Owens v. Kohlmeyer,* (1978) Ind.App., 381 N.E.2d 1097. In *Owens,* the court held the trial court received the action *as a result of a change of venue,* therefore its jurisdiction and powers could only be as great as the court from whence it came. *Id.* at 1098. The court on appeal also held that because the Marion Superior Court was not a reviewing court of Marion Municipal Court, it had no jurisdiction to issue a mandate order. Our case is distinguishable. There was no change of venue. Because of appellant-defendant's request for a jury trial the cause was automatically transferred to a court with powers beyond that of the small claims court. The jurisdictional limits of the Municipal Court now control. We hold that upon a transfer from small claims to Municipal Court at the request of the defendant seeking a jury trial the jurisdictional limits of the receiving court apply.[2] *See Elliott v. Roach,* (1980) Ind.App., 409 N.E.2d 661, 667. The defendant causing the transfer should not be heard to complain of the consequences of actions taken at his insistence. The rules of the court hearing the case are followed *once* the case is before that court.

█ Clark next argues the court erred by awarding special damages when they were not specifically pled pursuant to Ind.Rules of Procedure, T.R. 9(G). Without deciding that Richardson's prayer was for special damages, we believe the notice of claim was sufficient to meet statutory and procedural requirements of small claims court pleading. Ind.Code 33–11.6–4–8 and S.C.Rule 8 provide that the parties in filing their claim in small claims court shall not be bound by statutory provision or rules of pleading. The plaintiff provided that information required by S.C.Rule 2(B). Having complied

---

1. M.S.C.Rule 13(A) of the Rules of Practice & Procedure of the Marion County Small Claims Courts provides "Where a defendant has requested a trial by Jury pursuant to 1971 IC 33–11.6–4–10 said cause shall be transferred to the Municipal Court of Marion County for trial."

2. Normally, the jurisdictional limit on the amount of the award will not be a problem on transfer. Presumably, a party will know the amount of its damage and seek that amount in the appropriate court.

with the rules of the court in which the pleading was filed, the pleading was adequate. Clark seeks to have a plaintiff in a case transferred to Municipal Court replead to meet more strenuous requirements of Trial Rules 8 and 9. We do not believe this is consistent with the policy of small claims pleading. Other procedures of ascertaining more specifically the nuances of plaintiff's complaint are available after transfer to Municipal Court.

Clark next argues the trial court erred by admitting into evidence a repair order listing an estimate, the work done and costs therefor. The objection to the exhibit was upon hearsay grounds. The court sustained the objection but permitted the exhibit to be admitted for the purpose of showing "that an estimate appears on the document." Later, the court permitted the exhibit to be admitted for the purpose of showing "the amount actually paid by the [Richardsons]." The amounts thereon were not to be considered as proof of damages. Clark does not take issue with the admission of the exhibit for these limited purposes. Rather, he argues he was prejudiced by the court's reliance on the exhibit as proof of damages. We will examine that argument in the next issue regarding sufficiency of the evidence to support the award of damages. It is sufficient for us to hold here that the court did not commit reversible error by admitting the exhibit for the limited purposes set forth above. Nor does it appear that Clark argues it was error if considered only for those limited purposes.

Finally, Clark contends the evidence does not support the amount of damages entered by the trial court. Of course, Richardsons argue the damage award is supported by the evidence. As Clark points out, the court admitted the exhibit listing the repairs and their cost for a limited purpose. We must assume the trial court did not rely on the exhibit for any other purpose. Therefore, we must look elsewhere for evidence of record to support the trial court's award.

The evidence demonstrates that Richardsons purchased the car in October 1975 for $5500. Immediately before the accident, Richardson valued the car at $5000. Mrs. Richardson testified the car was worth nothing immediately following the accident. There is evidence that the car depreciated in value as a result of the accident. The award of approximately $2500 is within that evidence. Clark by attempting to calculate the award based upon an exhibit not admitted for that purpose is asking us to weigh the evidence. Such is the function of the trial court. *Senco Products Inc. v. Riley,* (1982) Ind.App., 434 N.E.2d 561.

Affirmed.

MILLER and CONOVER, JJ., concur.