**FRANK H. MONROE HEATING & COOLING, INC., Appellant (Defendant Below),**

v.

**James RIDER and Roberta Rider, Appellees (Plaintiffs Below).**

**No. 4–1282A392.**

Court of Appeals of Indiana, Fourth District.

June 30, 1983.

Michael F. Ward, Rudy, Ward & Crumbo, New Albany, for appellant.

Thomas M. Dattilo, Madison, for appellees.

YOUNG, Presiding Judge.

Defendant-appellant Frank H. Monroe Heating & Cooling, Inc. (Monroe) brings this interlocutory appeal from the trial court's denial of its motion for transfer of venue. Monroe claims the court erred in failing to apply the preferred venue provisions of Ind.Rules of Procedure, T.R. 75, to the small claims proceedings against Monroe.

We affirm.

James and Roberta Rider filed this suit against Monroe in Jefferson County Court, Small Claims Division, alleging Monroe breached its contract to install air conditioning equipment in the Riders' Jefferson County home. Monroe moved for transfer of venue under T.R. 75, claiming the action should have been filed in Floyd County, where Monroe's office was located. The court denied this motion.

On appeal, Monroe claims the court was required to grant a transfer of venue, since Jefferson County was not a county of preferred venue under T.R. 75(A)(1)–(10). We disagree. This was a small claims proceeding, filed in the Small Claims Division of Jefferson County Court. Thus, the case is governed by Small Claims Rule 12:

> (A) Proper Venue. Proper venue for a case in small claims court shall be in the county where the transaction or occurrence actually took place *or where the obligation was incurred or is to be performed,* or where one of the defendants resides or has his place of employment at the time the complaint is filed.

> (B) Motion to Correct Venue. When it appears that the county in which the action is pending is not the proper place for the hearing of such action, the court shall, on the motion of a party or upon its own motion, determine the correctness of the venue. If the venue is incorrect the judge shall, at the option of the plaintiff, order the action to be transferred or dismissed without prejudice unless the defendant appears and waives the venue requirement.

> . . . .

(Emphasis added). Jefferson County was clearly a county of "proper venue" under S.C. 12(A) since the contract at issue here was performed in Jefferson County.

■ Monroe does not dispute this reading of S.C. 12(A). Rather, it argues that the preferred venue provisions of T.R. 75(A) also apply to this proceeding, and that T.R. 75 must prevail insofar as it conflicts with S.C. 12(A). Thus, Monroe argues that the provision in S.C. 12 allowing venue to be retained "where the obligation . . . is to be

performed" is without effect, since T.R. 75 does not allow venue in such counties. This argument must fail. Trial Rule 1, governing the scope of the Trial Rules, provides, *"[e]xcept as otherwise provided,* these rules govern the procedure and practice in all courts of the State of Indiana in all suits of a civil nature . . . ." (emphasis added). Small Claims Rule 1(A), governing the scope of the Small Claims Rules, states, "[t]hese rules shall apply to all small claims proceedings in all courts of the State of Indiana having jurisdiction over small claims . . . ." Read together, these rules indicate that the Trial Rules govern Small Claims proceedings, but only to the extent that they are not inconsistent with the Small Claims Rules. Thus, our courts have applied the Trial Rules where the Small Claims rules are silent. *Bedree v. Sandler & Sandler,* (1981) Ind.App., 426 N.E.2d 707; *Batter Boy Bakery v. Corn,* (1981) Ind.App., 420 N.E.3d 1360. Where, however, the Small Claims Rules are inconsistent with the Trial Rules, the Small Claims Rules have been applied. *Herrera v. Collection Service, Inc.,* (1982) Ind.App., 441 N.E.2d 981; *Baldwin v. Clodfelter,* (1979) Ind.App., 387 N.E.2d 101. Thus, the trial court here properly relied on S.C. 12(A) rather than T.R. 75(A).

■ A contrary decision is not, as Monroe contends, required by T.R. 75(D). That subdivision provides, in part:

> Other venue statutes superseded by this rule. Any provision of these rules and any special or general statute relating to venue, the place of trial or the authority of the court to hear the case shall be subject to this rule . . . .

The reference in T.R. 75(D) to "these rules," like the similar reference in T.R. 1, is clearly to the Trial Rules rather than the Small Claims Rules. Thus, this subdivision does not apply to S.C. 12. To hold otherwise would require a finding that our supreme court, by promulgating S.C. 12 in 1976, intentionally adopted a rule that was invalid under T.R. 75(D), promulgated in 1969. Trial Rule 75(D) should not be interpreted as invalidating the provisions of S.C. 12(A).

The trial court did not err in denying Monroe's motion for transfer of venue.

Affirmed.

MILLER and CONOVER, JJ., concur.