**Michael L. MUENICH, Appellant (Defendant Below),**

v.

**Donald L. GULDEN, Appellee (Plaintiff Below).**

No. 45A04–9012–CV–585.

Court of Appeals of Indiana, Fourth District.

Oct. 21, 1991.

Michael L. Muenich, Hand, Muenich, Wilk & Reid, pro se.

Edward P. Grimmer, Crown Point, for appellee.

MILLER, Judge.

Before Donald Gulden's (plaintiff-appellee) small claims action for $3,000 was tried, Michael Muenich, Defendant-appellant, offered judgment of $750 under Indiana Trial Rule 68. Gulden refused the offer, and when the case went to trial, Gulden's award was $650. Consequently, we must now decide whether Ind. Trial Rule 68 applies to small claims proceedings—that is, whether the costs incurred by Muenich after the judgment offer may be assessed against Gulden. We find that Small Claims Rule 11 is applicable to the exclusion of T.R. 68 because it provides that the party recovering judgment shall also recover costs.

A dispute—the substance of which is irrelevant to this appeal—arose between Gulden and Muenich over a real estate transaction. After failed attempts to negotiate a settlement, Gulden sued Muenich in Small Claims Court for $3,000. After Gulden's complaint was filed, but before trial, Muenich filed an "Offer of Judgment" with the court in the amount of $750, which was file-marked February 26, 1990.[1] After a trial on March 6, 1990, the Lake Superior Court, County Division (Small Claims), entered judgment for Gulden for $650.

On May 22, 1990, Muenich filed a Motion to Tax Cost, requesting costs and attorney fees. This motion was denied. Muenich now appeals, claiming that, under T.R. 68, he is entitled to have costs taxed against Gulden because he made an Offer of Judgment in excess of the amount eventually awarded Gulden.

We affirm.

---

1. Although there is a file-marked copy of the offer in the record, there is nothing in the record to indicate that Gulden was ever served with the Offer of Judgment as required by Trial Rule 68. Gulden neither admits nor denies receiving the offer, but argues that he could not have received the offer within the time required by T.R. 68. However, because we find T.R. 68 is inapplicable to this small claims proceeding, we will not address this argument.

We do note that Muenich has attempted to supplement the record with appendices to both his appellant's brief and his reply brief which contain exhibits not in the record. (Exhibits A, B, and F to Appellant Brief and Exhibit A to Appellant's Reply Brief) One such exhibit is a copy of a return receipt for a certified letter, signed by Donald L. Gulden and dated February 24, 1990. However, we have no way of knowing the content of the letter. We also remind Muenich that this court cannot consider anything outside the record.

We also take this opportunity to remind both parties of Appellate Rule 8.3, which governs the arrangement and contents of briefs.

## DISCUSSION

Muenich claims that although this action was brought in Small Claims Court, T.R. 68, which provides in part as follows, is applicable:

> "At any time more than ten [10] days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued.... *If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."*

Therefore, claims Muenich, he is entitled to reasonable attorney fees, filing fees, witness and mileage fees, and expert witness fees.[2]

Gulden argues that to the extent T.R. 68 requires that costs be assessed against the plaintiff who rejects an offered judgment which is more than the eventual judgment, it does not govern small claim court proceedings because it is inconsistent with Small Claims Rule 11(B), which provides in part:

> The party recovering judgment shall also recover costs *regardless of the amount.*

Trial Rule 1, which governs the scope of the trial rules provides: "except as otherwise provided, these rules govern the procedure and practice in all courts of the State of Indiana in all suits of a civil nature." Small Claims Rule 1 states that "these rules shall apply to all small claims proceedings in all courts of the State of Indiana having jurisdiction of small claims." This court has held that these two rules should be read together to mean that the Trial Rules govern small claims proceedings, "only to the extent that they are not inconsistent with the Small Claims Rules.... Where, however, the Small Claims Rules are inconsistent with the Trial Rules, the Small Claims rules have been applied." *Monroe Heating & Cooling v. Rider* (1983), Ind.App., 450 N.E.2d 1056, 1057 (citations omitted). For example, in *Monroe*, we held that T.R. 75(A), governing venue, which conflicts with S.C.R. 12(A) was inapplicable to a small claims proceeding. *See also Bedree v. Sandler & Sandler* (1981), Ind.App., 426 N.E.2d 707 (where S.C.R. silent as to motions for summary judgment, summary judgment is appropriate in small claims proceedings); *Baldwin v. Clodfelter* (1979), 180 Ind.App. 152, 387 N.E.2d 101 (T.R. 55 requiring the court to give defendant three days notice before entering a default judgment against him not applicable because S.C.R. 10(B), governing default judgments in small claims proceedings, does not require the three-day notice).

Trial Rule 68 provides an exception to the general rule, set forth in T.R. 54(D),[3] that costs shall be allowed to the prevailing party. Small Claims Rule 11 clearly governs costs in small claims proceedings just as T.R. 54(D) governs costs in other proceedings. However, T.R. 54(D), unlike S.C.R. 11, recognizes that there may be exceptions to the general rule that costs be allowed to the prevailing party. It provides: *"Except when express provision therefor is made either in a statute or in these rules,* costs shall be allowed as of

---

**2.** Because we affirm the trial court's denial of Muenich's motion to tax cost, we need not determine what costs are involved nor how to divide them between Muenich and Gulden. Costs are generally defined in Ind.Code 33–19–1–1 *et. seq. See also* 3 W. HARVEY, INDIANA PRACTICE at 491 (1988). We do observe attorney fees are not, in general, included within the meaning of the word "costs". *Cox v. Ubik* (1981), Ind.App., 424 N.E.2d 127.

**3.** T.R. 54(D) provides:

Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs in accordance with any provision of law; but costs against any governmental organization, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be computed and taxed by the clerk on one [1] day's notice. On motion served within five [5] days thereafter, the action of the clerk may be reviewed by the court.

course to the prevailing party...." Small Claims Rule 11, however, makes no such exception—it clearly states that "[t]he party recovering judgment *shall* also recover costs regardless of the amount". We also note that there is no corresponding provision to T.R. 68 in the small claims rules. Because S.C.R. 11 does not contain the exception provided in T.R. 54(D), we hold that T.R. 68 is not applicable to small claims proceedings.

Muenich erroneously argues that by virtue of S.C.R. 8(A), T.R. 68 applies to small claims cases. S.C.R. 8(A) provides:

> The *trial* shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and *shall not be bound by* the statutory provisions or rules of practice, procedure, pleadings or evidence *except provisions relating to* privileged communications and *offers of compromise.* (emphasis supplied).

This provision sets forth the procedure to be followed in the small claims trial itself. *Herrera v. Collection Service, Inc.,* (1982), Ind.App., 441 N.E.2d 981. It merely preserves the general rule that privileged communications and evidence of offers of compromise are not admissible at the trial.

The decision of the trial court denying Muenich's request for costs is hereby affirmed.[4]

CONOVER and RUCKER, JJ., concur.

---

**4.** Gulden, a layman, represented himself at trial and at the hearing on Muenich's Motion to Tax Costs. Muenich, an attorney, also represented himself. Gulden alleges that during the hearing on Muenich's motion, Muenich made a remark to the effect that Gulden—even though he is a layman—must follow all the rules or suffer the consequences. Muenich's remark was "if [Gulden] wanted 'to run with the big dogs in the tall grass' he should be prepared for the consequences and to follow all the Trial Rules". No recording was made of the hearing. However, before filing an appellee's brief with this court, Gulden requested the trial court to certify to this court a "supplementation of the record", pursuant to Ind. Appellate Rule 7.2(C), to include the Muenich's statement in the record. The trial court certified this statement to be made a part of the record on the same day of Gulden's request.

Muenich moved to strike Gulden's petition to supplement the record, arguing that he was not permitted an opportunity to submit his version of what transpired as permitted by Rule 7.2(C). We agree with Muenich that the proper proce-

dures for correcting or modifying the record have not been followed here. The trial court certified Gulden's statement on the same day it was submitted; therefore, Muenich could not have had a chance to respond. Further, we note that the statement which Gulden wishes add to the record could not be considered a fair and accurate representation of what occurred at the hearing because it is taken out of context and is an incomplete statement of what transpired at the hearing.

Although the procedures set forth in Rule 7.2(C) have not been followed, we will grant Gulden's motion to supplement the record. However, we fail to see how this is helpful to our disposition of the case on the merits. Gulden seems to argue that this statement was improper and reflects a prejudice against him because he proceeded *pro se* at the hearing. The trial court, however, ruled in favor of Gulden; therefore, he could not have been prejudiced by this statement. Further, because this statement is presented to us out of context, we are unable to determine whether or not it was improper.