Bill and Mary BOWMAN, Appellants,

v.

Sam KITCHEL, d/b/a Kitchel Concrete Service, Appellee.

No. 09S02–9412–CV–1287.

Supreme Court of Indiana.

Jan. 3, 1995.

Raymond C. Bowyer, Logansport, for appellants.

Robert L. Justice, Logansport, for appellee.

SHEPARD, Chief Justice.

Appellants Bill and Mary Bowman contend that the trial court erred by refusing their request to enter findings of fact and conclusions of law in their small claims case. We grant transfer and hold that Trial Rule 52 does not apply in small claims proceedings.

The Bowmans brought their small claim against Sam Kitchel, who was doing business as Kitchel Concrete Service. The Bowmans had hired Kitchel to install a new concrete walk and replace an old driveway at their home, for a charge of about $2900. After Kitchel finished the work, the Bowmans noticed discoloration, roughness, and cracking in the driveway (which had accounted for about $2400 of the total project cost).

Both sides presented extensive testimony, producing a record of several hundred pages about the proper pouring and drying of concrete, use of expansion joints, and the like. The trial court gave the Bowmans a judgment for $200. The Bowmans appealed, citing the court's refusal to enter findings, its refusal to admit a tendered written report on grounds it was hearsay, and its refusal to permit calling a rebuttal witness. They also

claimed that the court's oral findings were insufficient to support its judgment. The Court of Appeals rejected appellants' contentions about the tendered exhibit and the rebuttal witness. We summarily affirm the Court of Appeals on these points. Ind. Appellate Rule 11(B)(3). The court also found that written findings were required under Trial Rule 52 and remanded for entry of findings. *Bowman v. Kitchel,* 624 N.E.2d 73 (Ind.App.1993).

■ While Indiana has separate rules for small claims cases, the general proposition is that the Rules of Trial Procedure apply in small claims court unless the particular rule in question is inconsistent with something in the small claims rules. *Muenich v. Gulden* (1991), Ind.App., 579 N.E.2d 665. Here, the question is whether Trial Rule 52 on findings of fact and conclusions of law is inconsistent with the small claims rules.

■ Trial Rule 52(A) provides that upon the written request of any party filed with the court prior to the admission of evidence the court "shall find the facts specially and state its conclusions thereon." It is a method for formalizing the ruling of the trial court, providing more specific information for the parties, and establishing a particularized statement for examination on appeal.

■ Small claims court is intended to be a place where such formality is not the order of the day. Indiana Small Claims Rule 8(A) embodies this policy by declaring: "The trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence...." Similar informality extends to the written entries memorializing small claims decisions. We exempt the judgments issued in small claims courts from the requirements prevailing in other civil cases. Trial Rule 58(B), which spells out the contents of judgments, especially declares that it applies "[e]xcept in small claims cases." Instead, the Small Claims Rules require only that "[a]ll judgments shall be reduced to writing signed by the court, dated, recorded verbatim in the Record of Judg-ments and Orders, and entered by the clerk in the small claims judgment docket. Judgment shall be subject to review as prescribed by relevant Indiana rules and statutes." S.C.R. 11(A).

■ The formal entry of findings of fact and conclusions of law is contrary to the policy enunciated in Small Claims Rules 8 and 11. Small claims courts and the small claims divisions of general jurisdiction courts are intended to be places where justice may be dispensed inexpensively and promptly, and indeed, Indiana's courts bring nearly 250,000 such cases to final judgment each year. Parties such as the Bowmans who seek more formal litigation have a good alternative at their disposal—filing their claim on the plenary docket. The trial court was correct in refusing the request to issue Trial Rule 52 findings.

■ The Bowmans' fourth allegation of error is that the trial court's oral announcement of its judgment was insufficient to support the amount of that judgment. Inasmuch as we have concluded that the trial court need not have crafted detailed findings for its judgment of $200, its oral explanation and its straightforward written judgment were sufficient to support the judgment. We note that the amount was within the available evidence.

We therefore affirm the judgment of the trial court.

DeBRULER, GIVAN, DICKSON and SULLIVAN, JJ., concur.