Edward J. NIKSICH, Appellant–
Plaintiff,

v.

Zettie COTTON and Steve Van Cleave,
Appellees–Defendants.

No. 48A02–0210–CV–851.

Court of Appeals of Indiana.

Aug. 25, 2003.

Edward J. Niksich, Pendleton, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellees.

## OPINION

KIRSCH, Judge.

Edward J. Niksich appeals the small claims court's decision dismissing his suit against Zettie Cotton and Steve Van Cleave, raising several issues for review, one of which we find dispositive: whether Ind. Trial Rule 12(B)(6) applies to small claims actions. Because it is likely to recur, we also address Niksich's claim that the small claims court violated his constitutional right to access the court system by denying his motion for an order to transport, or in the alternative, to conduct the trial at the prison where Niksich is incarcerated.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

On May 22, 2002, Niksich, an inmate at Pendleton Correctional Facility, filed his

notice of small claim against Cotton and Van Cleave, employees of the prison. In it, he alleged that the defendants damaged and deprived him of his color television set. The court set a trial date of August 12, 2002 for the claim.

On August 2, 2002, Niksich filed his motion for a transport order to allow him to attend the trial, or in the alternative, for the trial to be conducted at the prison where he was incarcerated. The trial court denied the motion and continued the trial until after Niksich is released from prison.

On August 8, 2002, the defendants filed a motion under T.R. 12(B)(6) alleging that Niksich's complaint failed to state a claim upon which relief could be granted. On August 12, 2002; the trial court granted the motion and dismissed the suit. On August 14, 2002, Niksich filed his motion for leave to amend his complaint, but the court denied the motion. He now appeals.

## DISCUSSION AND DECISION

■ Niksich first argues that the small claims court erred in applying T.R. 12(B)(6) to his small claims case. A T.R. 12(B)(6) motion to dismiss tests the legal sufficiency of the complaint. *Berghausen v. Microsoft Corp.*, 765 N.E.2d 592, 594 (Ind.Ct.App.2002), *trans. denied.* T.R. 1, which governs the scope of the trial rules provides: "[e]xcept as otherwise provided, these rules govern the procedure and practice in all courts of the state of Indiana in all suits of a civil nature." Ind. Small Claims Rule 1 states that "[t]hese rules shall apply to all small claims proceedings in all courts of the State of Indiana ... having jurisdiction over small claims." This court has held that these two rules should be read together to mean that the Trial Rules govern small claims proceedings only to the extent that they are not inconsistent with the Small Claims Rules.

*Muenich v. Gulden,* 579 N.E.2d 665, 666 (Ind.Ct.App.1991); *Frank H. Monroe Heating & Cooling, Inc. v. Rider,* 450 N.E.2d 1056, 1057 (Ind.Ct.App.1983). Thus, our courts have applied the Trial Rules where the Small Claims rules are silent. *Frank H. Monroe,* 450 N.E.2d at 1057. Where, however, the Small Claims Rules are inconsistent with the Trial Rules, the Small Claims rules have been applied. *Muenich,* 579 N.E.2d at 666; *Frank H. Monroe,* 450 N.E.2d at 1057.

S.C.R. 10(A) governs dismissals. It states that a court may dismiss an action without prejudice if the plaintiff fails to appear at the time and place specified for the trial or for any continuance thereof. It further explains that if the claim is then refiled and the plaintiff again fails to appear, the claim may be dismissed with prejudice. Because the Small Claims Rules specify when a small claims court can dismiss a plaintiff's claim, T.R. 12(B), which allows the court to dismiss a plaintiff's claim for a number of reasons, including that invoked here, failure to state a claim upon which relief can be granted, does not apply in small claims cases. *See also Multivest Props. v. Hughes,* 671 N.E.2d 199, 201 (Ind.Ct.App.1996) (S.C.R.10(A) is "quite specific" as to how a court can dismiss a claim). *But see Accentech, Inc. v. Cecconi,* 1994 WL 89435 * 1 (Mass.App.Div. Mar. 14, 1994) (applying Massachusetts law) (holding that T.R. 12(b)(6) applies to small claims cases).

■ Furthermore, we note the difficulty were we to reach the opposite result. In contrast to the Trial Rules, which require the plaintiff to include in his or her complaint "a short and plain statement of the claim showing that the pleader is entitled to relief," T.R. 8, the Small Claims Rules require a plaintiff only to include in his or her notice of claim "[a] brief statement of the nature and amount of the claim...."

S.C.R. 2(B)(4). The policy of small claims pleading is not to be bound by statutory provisions or rules of pleading. *Clark v. Richardson*, 444 N.E.2d 868, 869 (Ind.Ct. App.1983). Allowing defendants to bring T.R. 12(B)(6) motions challenging the sufficiency of the complaint is incompatible with the lower burden of pleading in small claims cases. *See also id.* at 869–70 (small claims pleading is adequate where it complies with S.C.R. 2(B)).

"Small claims court is intended to be a place where such formality is not the order of the day." *Bowman v. Kitchel*, 644 N.E.2d 878, 879 (Ind.1995). S.C.R. 8(A) embodies this policy. *Id.* It states: "The trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence. . . ." The application of T.R. 12(B)(6) would contravene the spirit and purpose of small claims procedure.[1]

Niksich also argues on appeal that the small claims court denied him his constitutional right to access the court system by denying his motion for order to transport or to conduct the trial of the cause at the prison where he was incarcerated so that he could attend the trial.

▮ A prisoner who brings a civil lawsuit has no right to a transport order. *Zimmerman v. Hanks*, 766 N.E.2d 752, 757 (Ind.Ct.App.2002). Moreover, a trial court cannot secure the attendance of an incarcerated plaintiff at a civil action unrelated to the case resulting in incarceration. *Brown v. State*, 781 N.E.2d 773, 776 (Ind.

Ct.App.2003); *Zimmerman*, 766 N.E.2d at 757. Nevertheless, a prisoner does have a constitutional right to bring a civil action. *Zimmerman*, 766 N.E.2d at 757 (citing IND. CONST. art. 1, § 12). However, in *Zimmerman*, 766 N.E.2d at 757–58, we noted other avenues potentially available to the incarcerated civil litigant to present his or her claim, such as video conferencing, telephonic conferencing, submission to the court by documentary evidence, or postponement of the trial until after his or her release from incarceration.

We reverse and remand to the trial court for proceedings consistent with this opinion.

BAILEY, J., and VAIDIK, J., concur.

---

1. In so holding, we note that in at least one case, *E & L Rental Equipment, Inc. v. Gifford*, 744 N.E.2d 1007 (Ind.Ct.App.2001), another panel of this court held that a small claims case should have been dismissed pursuant to T.R. 12(B)(6) because the plaintiff was not a real party in interest. To the extent that this case can be interpreted as endorsing the use of T.R. 12(B)(6) in small claims cases for any reason other than to implement T.R. 17(A), we disagree.