Mullen v. Hawkins.

The judgment is affirmed.

Filed Feb. 21, 1895; petition for a rehearing overruled May 27, 1895.

———————◆———————

No. 17,435.

MULLEN v. HAWKINS.

CONVEYANCE.—*Failure of Title When no Defense.*—In the absence of covenants of warranty or for title or proof of fraud, a failure of title is no defense to an action for the purchase-money of real estate.

SAME.—*Contract.—Defense, Inadequacy or Want of Consideration.*—Where a party voluntarily and without fraud or deception enters into a contract and receives all he contracted for, he can not be relieved on the ground of inadequacy or want of consideration.

SAME.—*Quitclaim Deed.—Cancellation of Note.—No Interest to Convey.*—A note given in consideration of a quitclaim deed to land in which the grantor claimed no interest (the deed being sought in aid of a loan being negotiated by the grantee), can not be canceled on the ground that it is subsequently discovered that the grantor had no interest to convey.

From the Grant Circuit Court.

*J. C. Branyan, M. L. Spencer, W. A. Branyan, J. F. France, G. E. Myers* and *J. S. Branyan*, for appellant.

*G. W. Harvey* and *A. De Wolf*, for appellee.

McCABE, C. J.—This was a suit brought by the appellant against the appellee and one Eliza Planck, in the Huntington Circuit Court, to cancel two notes; one for $50, executed by appellant to appellee, Hawkins, on December 27, 1889, and the other executed by appellant to said Eliza Planck, on the same day, for $49, both due five years thereafter.

The defendants were defaulted, which default was set aside as to defendant Hawkins, and judgment was rendered against the defendant Eliza Planck on such default, canceling her note.

On the application of the defendant Hawkins, the venue was changed to the Grant Circuit Court.

In the latter court, the appellant filed an amended complaint making the appellee, Hawkins, the sole defendant therein, seeking the cancellation of his note above described. The issues formed upon the complaint by appellee's answer of general denial were submitted to and tried by the court without a jury, resulting in a finding and judgment for the defendant, the appellee, over appellant's motion for a new trial.

That ruling is complained of by appellant as error in his assignment of error.

The evidence shows that the appellant had purchased a certain forty acres of land in Huntington county and had been in possession of it for many years. His title had been derived through conveyances from the heirs and widow of one James Hawkins, deceased, who had died seized of said land in the year 1850, leaving as his heirs his said widow and several children, among whom was the appellee. The appellant, desiring to make a loan by mortgaging said land as security therefor, found, as the abstracters and others concerned supposed, a defect in his chain of title, which was an obstacle in appellant's way in obtaining said loan. It was supposed by

the abstracters, and the others concerned in negotiating said loan, that some of the heirs of said James Hawkins, deceased, among whom was appellee, had some interest in said real estate. Appellant applied to appellee to make to appellant a quit claim deed of conveyance of all his interest in said land so as to enable him to make such loan. There was evidence from which the court was justified in finding that appellee told appellant that he had no interest in said land; that he had theretofore conveyed it to one of appellant's remote grantors, but the appellant, continuing to insist on the deed and offering him $50 if he and his wife would go to Marion, about seven miles, and execute the deed, he accepted the offer, went with his wife to Marion and executed the quit claim deed, for which appellant executed to him the note in question.

Afterwards appellant claims to have discovered that the appellee had in fact no interest in said land, and a large amount of evidence of deeds and conveyances was introduced to prove that the appellant already had good title to the land and that appellee had no such interest. Among the matters discovered was the deed of conveyance of appellee of all his interest therein to one of appellant's remote grantors, which had not been recorded. And thereby it is contended by appellant that the note in question was shown to be totally without consideration.

We do not deem it necessary to examine the long and complicated chain of title to determine the question whether appellee had any interest in the land to convey when he and his wife executed their quit claim deed thereto. It is sufficient to say that "it is well settled that in the absence of covenants of warranty, or for title or proof of fraud, a failure of title is no defense to an action for the purchase-money of real estate. *Stratton* v. *Kennard*, 74

Ind. 302; *Laughery* v. *McLean*, 14 Ind. 106; *Cartright* v. *Briggs*, 41 Ind. 184; *Inhabitants of Barkhamsted* v. *Case*, 5 Conn. 528; *Shuler* v. *Hardin, Admr.*, 25 Ind. 386.''

If such failure of title is no defense, then it does not amount to a failure of consideration for the note executed to procure the conveyance.

Where a party voluntarily and without fraud or deception enters into a contract and receives all he contracted for, he can not be relieved on the ground of inadequacy or want of consideration. *Neidefer* v. *Chastain*, 71 Ind. 363; *Baker* v. *Roberts*, 14 Ind. 552; *Wolford* v. *Powers, Admx.*, 85 Ind. 294; *Hardesty* v. *Smith*, 3 Ind. 39.

In the latter case, it was said, on p. 41, that ''The consideration agreed upon may indefinitely exceed the value of the thing for which it is promised, and still the bargain stand. The doing of an act by one at the request of another, which may be a detriment or inconvenience, however slight, to the party doing it, or may be a benefit, however slight, to the party at whose request it is performed, is a legal consideration for a promise by such requesting party.''

The evidence on behalf of the appellee was sufficient to warrant the trial court in finding that there was a sufficient consideration to support the note under either one of the legal propositions above announced, even though appellee had no interest in the real estate quitclaimed.

We are not authorized to weigh the evidence, but can go no farther in that direction than to determine whether that part of it which tends to support the verdict or finding is legally sufficient to do so, when considered alone. We think it amply sufficient, and that the trial court did not err in overruling the motion for a new trial.

Judgment affirmed.

Filed May 27, 1895.