■ RIVERBAY CORPORATION, Appellant, v. GEORGE KLINGHOFFER et al., Respondents.— Order entered August 22, 1969, unanimously reversed on the law without costs and without disbursements, and summary judgment granted in plaintiff's favor enjoining defendants from harboring a dog in their apartment. Plaintiff is the owner of a housing project in Bronx County known as Co-Op City. When completed, it is expected to house approximately 60,000 persons. Defendants moved into an apartment in Co-Op City on May 1, 1969. In violation of specific provisions contained in four separate agreements signed by them forbidding their harboring of dogs, defendants brought a dog with them at the time they moved in. In this action for an injunction, Special Term denied plaintiff's motion for summary judgment, holding that acceptance of rent from defendants while keeping a dog in their apartment created an issue of waiver of plaintiff's rights under the various written agreements. On May 2, 1969, the day after moving in with the dog, defendants were orally advised they could not keep the dog in their apartment. Three days later a written demand to remove the dog was made. On May 28, 1969, this action was commenced. Upon the record, no triable issue is raised. A prohibition against the keeping of animals by residents of apartment houses is reasonable and enforceable. (See *Knolls Coop. Section No. II* v. *Cashman*, N. Y. L. J., March 5, 1963, p. 17, col. 3, affd. 19 A D 2d 789, affd. 14 N Y 2d 579; *Brigham Park Coop. Apts., Section 2* v. *Krauss*, 21 N Y 2d 941.) The acceptance of the May rent did not constitute a waiver of plaintiff's right to enforce its prohibition against dogs. In *Knolls Coop.* (*supra*) rent had been collected during a period of nine months with knowledge of the presence of the dog and without objection. Special Term granted plaintiff's motion for summary judgment. This Appellate Division and the Court of Appeals affirmed. Furthermore, the Occupancy Agreement in the instant case, provides: " The receipt by the Cooperative of carrying charges [rent] with knowledge of the breach of any covenant of this Agreement shall not be deemed a waiver of such breach." Clearly plaintiff has done nothing inconsistent with its initial unequivocal position that harboring of the dog will not be permitted and it is entitled to the relief sought. Concur — Eager, J. P., Capozzoli, McGivern, Nunez and McNally, JJ.