**Ronald Joseph CHURCHWELL,**
**Appellant (Defendant below),**

v.

**COLLER AND STONER BUILDING**
**CO., Appellee (Plaintiff below).**

**No. 1-578A107.**

Court of Appeals of Indiana,
First District.

Feb. 12, 1979.

John M. Irvine, Bloomington, for appellant.

Robert L. Baker, Baker, Barnhart & Andrews, Bloomington, for appellee.

ROBERTSON, Judge.

Defendant-appellant, Ronald Churchwell (hereinafter Churchwell), lessee, appeals the judgment in favor of plaintiff-appellee, Coller and Stoner Building Co. (hereinafter Coller), lessor, granting ejectment and immediate possession. The basis of Coller's action was Churchwell's breach of the pet clause contained in the lease agreement between Coller and Churchwell. Churchwell counterclaimed for damages suffered from alleged wrongful ejectment.

The facts favorable to Coller show that Churchwell and Coller entered into a lease agreement for rental of an apartment on April 29, 1977, covering a tenancy period of August 24, 1977 to August 17, 1978. Upon discovery of the pet on the premises, Coller sent Churchwell notice to vacate on August 29, 1977. The latter had to vacate by noon on September 6, 1977 or confront legal proceedings. Churchwell received summons regarding this action on September 7, 1977, and vacated the premises September 11, 1977. The particular clause involved stated: "tenant(s) shall not allow . . . cats . . . on the premises unless covered by a separate pet agreement attached hereto." Moreover, item 17 of the lease agreement states:

"The Printed Regulations attached to this lease are made a part of this agreement which together form the entire agreement. Failure of tenant to observe and exercise compliance with these rules and regulations, or others that later may reasonably be required by management, will constitute a breach of this agreement."

There is no dispute that Churchwell was aware of the prohibition against pets.

The decision of the trial judge favored Coller; Churchwell took nothing by his counterclaim, but did receive back his pro rata share of the rent for the month of September.

The following issues presented for review are as follows:

(1) Whether the trial court abused its discretion in denying Churchwell's Motion to Compel Answers to Interrogatories;

(2) Whether the judgment was contrary to law;

(3) Whether the evidence was sufficient to find a material breach by lessee.

Churchwell argues initially that the trial court abused its discretion in failing to compel Coller to answer Churchwell's interrogatories one through four and to more adequately answer interrogatory number eight. Coller objected to the first four questions as irrelevant and not leading to admissible evidence. The trial court determined that any unanswered interrogatories would be decided at trial. The particular interrogatories involved are:

*Interrogatories*

1. Within Monroe County, how many housing units are presently owned, operated, or managed by:

    a. Plaintiff Stoner alone?

    b. Plaintiff Coller alone?

    c. Coller and Stoner Building Company?

    d. Any other business enterprise in which Plaintiffs Stoner and Coller jointly or separately hold an interest?

2. Specify the names, if any, and the respective addresses, of each housing unit enumerated in Interrogatory 1.

3. What is the total number of tenants occupying the housing units enumerated in Interrogatory 1?

4. Specify the total number of tenants who entered lease agreements identical to the one here in issue.

. . . . .

8. During the year, how many tenants have harbored (a) domestic animal(s) on the premises? Of this number, how many tenants:

    a. were served a court-ordered notice of ejectment?

    b. forfeited part or all of the security/damage deposit?

    c. were both served a court-ordered notice of ejectment *and* forfeited part or all of the security/damage deposit?

The abuse of discretion standard has been stated many times: appellant must show that he was prejudiced and that the trial court's judgment was clearly against logic and the natural inferences to be drawn therefrom. *State ex rel. Thrasher v. Hayes* (1978), Ind.App., 378 N.E.2d 924; *Wells v. Gibson Coal Co* (1976), Ind.App., 352 N.E.2d 838. Essentially, Churchwell argues that the information to be obtained by the interrogatories was necessary to show the adhesive nature of the lease agreement. Indiana Rules of Procedure, Small Claims Rule 6 pertains to discovery and states that:

"Discovery may be had in a manner generally pursuant to the rules governing any other civil action, but only upon the approval of the court and such limitations as may be specified. The court should grant discovery only upon notice and good cause shown and should limit such action to the necessities of the case."

Since the trial court stated that "any questions not answered in writing would be decided at trial" we believe the principles of informality and expedience imbued in the rules governing Small Claims Courts preclude a finding of an abuse of discretion under the facts of this case. Churchwell has neither demonstrated prejudice nor abuse of discretion by the trial court.

Churchwell's second allegation of error that the judgment is contrary to law is two-fold: (1) the pet clause is ambiguous[1] and such ambiguity should be construed against the party drafting the language (plaintiff-lessor), and (2) Coller was not entitled to forfeiture in the absence of an express provision to that effect. Churchwell testified that he lived in other apartments where the lease contained such clauses, but the clause was not enforced and, therefore, thought the situation might be the same with Coller. Churchwell did state he knew of the prohibition against pets and that he was aware of the sign in the office

of Coller's agent that such prohibition would be strictly enforced. Although Churchwell contends that the no-pet clause contains an exception where written consent is obtained, he did not request any written consent at the time of signing the lease agreement, when he moved into the premises, or any time subsequent thereto.

Churchwell states correctly that generally the breach of a covenant does not work a forfeiture unless an express provision in the lease so provides. 49 Am.Jur.2d Landlord and Tenant § 1021 (1970). Although Indiana does not appear to have a case on point, other jurisdictions have allowed forfeiture for keeping animals or pets in violation of a lease provision. *Riverbay Corp. v Klinghoffer* (1970), 34 A.D.2d 630, 309 N.Y.S. 472; *See generally: Longmoor Corp. v. Jeffers* (1947), Mo.App., 205 S.W.2d 234. In *Riverbay Corp., supra,* the lessee was advised orally to dispose of the pet the day after moving in. Three days later he received a written demand and was the subject of legal action twenty-three days later. There, the court found the prohibition to be reasonable and enforceable. We too believe that such provisions are reasonable and enforceable barring any waiver by the lessor. In the present case, Churchwell was well aware of the prohibition, yet he at no time attempted to obtain a separate pet agreement from Coller. A factual dispute exists as to whether Churchwell offered alternatives to ejectment to Coller's agent, Fred Harms (Harms). Harms recalls no such conversation. When a judgment is attacked as being contrary to law, we neither weigh the evidence nor judge the credibility of witnesses, *Reynolds v. Meehan* (1978), Ind.App., 375 N.E.2d 1119, and such attack will only be sustained where the evidence leads to one conclusion and the trial court has found the opposite conclusion. *Cook v. Rosebank Development Corp.* (1978), Ind.App., 376 N.E.2d 1196. Such situation does not exist here.

---

1. Ambiguity of the pet clause was not argued in defendant's motion to correct errors and is therefore waived. Indiana Rules of Procedure, Trial Rule 59(G). Moreover, Appellant cites specific portions of the lessor's rules and regulations in his brief to demonstrate the existence of ambiguity. Although the regulations were made a part of the lease, they were not included in the record. We, as a court of review, cannot go outside the record and, therefore, are prevented from considering any allegedly pertinent regulation.

Churchwell also questions whether there was sufficient evidence for the trial court to find that the breach was material.

This court in *Ogle v. Wright* (1977), Ind. App., 360 N.E.2d 240 at 244 adopted the factors to be considered in determining the materiality of a breach as cited in *Goff v. Graham* (1974), 159 Ind.App. 324, 306 N.E.2d 758 and as summarized in the Restatement of Contracts § 275:

"(a) The extent to which the injured party will obtain the substantial benefit which he could have reasonably anticipated;

(b) The extent to which the injured party may be adequately compensated in damages for lack of complete performance;

(c) The extent to which the party failing to perform has already partly performed or made preparations for performance;

(d) The greater or less hardship on the party failing to perform in terminating the contract;

(e) The wilful, negligent or innocent behavior of the party failing to perform;

(f) The greater or less uncertainty that the party failing to perform will perform the remainder of the contract."

In the case at bar, Coller notified Churchwell to vacate as soon as the breach was discovered; three days after Churchwell had moved in. However, Coller extended the time in which Churchwell was required to vacate to provide him additional time to find other housing. Since Churchwell was returned his full damage deposit, one could argue that Coller has failed to show any damage. We do not believe that the lessor should be required to wait until some damage occurs. This is particularly true here, where an undamaged and clean apartment would still be unsuitable for one allergic to animal hair and residue. Such is a subtle but very real problem which may not be cured by ordinary and usual cleaning.

■ Although Churchwell stated he had prepared to perform the lease provisions by taking the cat to a kennel, this evidence is conflicting. Moreover, no direct evidence from the kennel management such as receipts or testimony was provided. Further, in the four month period between signing the lease and occupancy, Churchwell did not attempt to comply with or negotiate the lease provisions. Additionally, the apartment manager stated that often people say that it is a temporary pet or the pet is removed only temporarily. Such a view is enhanced by Churchwell's own conduct when he testified that he brought the cat back to the apartment while attempting to find other accommodations. Churchwell also stated that although he was aware of the no-pet provision at the time of his signing the lease, he did not discuss the problem because of the difficulty in finding housing. One would think that this difficulty would have provided sufficient incentive for Churchwell to attempt to comply with the lease provisions. Such evidence would be sufficient to find lessee's conduct as wilful noncompliance. We therefore find the evidence sufficient to sustain the trial court's finding of a material breach.

■ The final question presented is whether the trial court correctly found against Churchwell on his counterclaim. Since Churchwell is appealing from a negative judgment on this issue, he may only attack the lower court's decision as contrary to law. *Umbreit v. Stem* (1978), Ind.App., 373 N.E.2d 1116. Churchwell has failed to demonstrate such error.

The judgment of the trial court is affirmed.

Affirmed.

LYBROOK, P. J., and LOWDERMILK, J., concur.