**Manuel G. HERRERA and Estefania Herrera, Appellants (Defendants Below),**

v.

**COLLECTION SERVICE, INC., Appellee (Plaintiff Below).**

**No. 2–981A300.**

Court of Appeals of Indiana, Second District.

May 20, 1982.

Manuel P. Guerrero, Marion, for appellants.

Richard A. Green, Marion, for appellee.

BUCHANAN, Chief Judge.

### CASE SUMMARY

Manuel and Estefania Herrera (Herreras) appeal from a judgment entered against

---

them in the Small Claims Court of Grant County in favor of Collection Service, Inc. (Collection Service).

We remand.

## FACTS

The facts, as we ascertain them, are as follows:

On February 13, 1981 Collection Service filed suit against the Herreras on a promissory note made payable to third parties. The Herreras answered in general denial and asserted affirmative defenses of fraud and failure of consideration.

At trial on May 11, 1981, which was not transcribed, Collection Service introduced into evidence a promissory note signed by the Herreras.

According to a Statement of Evidence filed by their counsel, the Herreras testified that a water heater, for which the note had been given, had to be replaced at their own expense. They acknowledged execution of the promissory note, and also acknowledged execution and knowledge of the contents of a "second mortgage" securing the note. Among the provisions in the "second mortgage" was a hold harmless clause regarding any expenses incurred by the Herreras in the maintenance and repair of the heater. The Herreras said they knew at the time of purchase the heater was not new, having been used for some time by the original payees of the promissory note.

The court found that the sale of the heater did not involve fraud or failure of consideration, and entered judgment against the Herreras in the amount requested in the complaint. The judgment reads:

> Court now finds that the sale of the soft water heater was separate and independent of the R/E [sic] transaction and did not involve fraud or failure of consideration. Judgment entered for plaintiff and against the defendants in the sum of $1,018.96, principal, and $338.65, or a total judgment of $1,358.61 plus costs of $10.00

After denial of the Herreras' Motion to Correct Errors, their attorney filed the Statement of Evidence referred to above, apparently in reliance on A.R. 7.2(A)(3)(c). Counsel for Collection Service filed objections thereto. However, the trial judge did not settle the record following filing of the conflicting statement. Additionally this record comes to us without a judge's certificate.

## ISSUE

Consequently, the only question before us now is whether we can consider the merits of this appeal at all.

## DECISION

CONCLUSION—There is no transcript before us, so we can not reach the merits of this appeal.

In and of itself, lack of a transcribed record does not frustrate review of cases because of the provisions of A.R. 7.2(A)(3)(c):

> Statement of the Evidence or Proceedings when no Report was made or when the Transcript is Unavailable. If no report of all or part of the evidence or proceedings at the hearing or trial was or is being made, or if a transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including his recollection. If submitted contemporaneously with the matter complained of, the statement may be settled and approved by the trial court. If submitted thereafter, the statement shall be served on other parties who may serve objections or prepare amendments thereto within ten (10) days after service. The statement and any objections or prepared amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall become a part of the record and be included by the clerk of the trial court in the record.

> If statements or conduct of the trial judge are in controversy, the statement shall be supported by sworn affidavit which shall be submitted to the trial judge for his certification. If he refuses

to certify the statement he shall file opposing affidavits. All such affidavits shall be included in the record by the clerk of the trial court.

*See also, Davis v. Davis,* (1980) Ind.App., 413 N.E.2d 993; *Silverthorne v. King,* (1979) Ind.App., 385 N.E.2d 473.

In this case, however, the record fails to comport with the rule. Despite the presence of objections to the Herreras' statement of evidence, the parties failed to submit the record to the trial judge for settlement. It was *mandatory* that they do so because conflicting statements were present.

> The statement and any objections or prepared amendments *shall* be submitted to the trial court for settlement and approval *and as settled and approved* shall become a part of the record. . . .

A.R. 7.2(A)(3)(c) (emphasis added).

Settlement of the record is essentially a fact-finding function. Accordingly, it was the duty of the trial judge to resolve any conflict. As an appellate court it would be manifestly beyond the scope of our function to determine what occurred at trial. Thus, the opposing statements of evidence placed before us present an incomplete record which we cannot consider.

However, the remedy for an incomplete record is no longer dismissal of the appeal. No longer is the baby thrown out with the bath water. "Incompleteness or inadequacy of the record shall not constitute a ground for dismissal of the appeal or preclude review on the merits." A.R. 7.2(C).

Thus, we find it necessary to remand this case to the Grant County Court (Small Claims Docket) so that the trial judge may settle the record of evidence as required by A.R. 7.2(A)(3)(c). The parties may file supplemental briefs after such settlement within the time limits specified in A.R. 8.1. This court retains jurisdiction of this appeal for the purpose of disposition on the merits following compliance by the court and the parties with the directions set forth herein.

Remanded for further proceedings consistent herewith.[1]

SULLIVAN and SHIELDS, JJ., concur.

---

1. Yet another shortcoming of this record is the lack of a judge's certificate. We trust that a record prepared according to the Rules of Appellate Procedure will be forthcoming if this appeal is pursued.