**Manuel G. HERRERA and Estefania Herrera, Appellants (Defendants Below),**

v.

**COLLECTION SERVICE, INC., Appellee (Plaintiff Below).**

**No. 2-981A300.**

Court of Appeals of Indiana, Second District.

Nov. 22, 1982.

Manuel P. Guerrero, Marion, for appellants.

Richard A. Green, Marion, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Manuel and Estefania Herrera (Herreras) appeal from a judgment entered against them in the Small Claims Court of Grant County requiring them to pay for a used hot water heater, despite their defenses of fraud and failure of consideration.

We affirm.

## FACTS

This cause may now be considered on its merits, because we have received, pursuant to our opinion of May 20, 1982 (reported at 435 N.E.2d 88, Ind.App.) and A.R. 7.2(A)(3)(c), a settlement of conflicting statements of the proceedings from the trial court. The facts most favorable to the judgment established by that record are:

On July 26, 1979 the Herreras executed a promissory note in the amount of $1,098.96 and a "second mortgage" securing it. The Herreras executed the note in exchange for a used soft water heater. On February 13, 1981, Collection Service Inc. (the owner of the note) filed suit against the Herreras alleging that the note was wholly unpaid. The Herreras answered in general denial and asserted defenses of fraud and failure of consideration.

At trial held May 11, 1981, the court asked the parties if they wanted to proceed "formally" or "informally." (Settlement of Statement of Evidence at 2). All parties agreed to an informal, conference-type presentation. Plaintiff Collection Service's attorney commenced his case by stating that he relied upon the note and, after obtaining from Estefania Herrera authentication of the signatures thereon, placed the note into evidence without objection.

The Herreras then presented their case by stating that the soft water heater had gone bad shortly after they had purchased it and that they ultimately had to replace it. The Herreras placed in evidence, without objection, the "second mortgage" which secured the note. Among the provisions of the "second mortgage" was a hold harmless clause regarding any expenses incurred by the Herreras in the maintenance and repair of the heater. The Herreras said they knew at the time of purchase the heater was not new, having been used for some time by the original payees of the note.

The court found that the sale of the heater did not involve fraud or failure of consideration and entered judgment against the Herreras in the amount requested in the complaint.

The Herreras present the following issues for review:

1. Do the Indiana Rules of Trial Procedure apply to proceedings in Small Claims Court?

2. Was the evidence sufficient to support the judgment?

3. Was the negative judgment entered against the Herreras on their affirmative defenses correct?

4. Should special findings of fact have been made by the trial court?

## DECISION

ISSUE ONE—Do the Indiana Rules of Trial Procedure apply to proceedings in Small Claims Court?

CONCLUSION—Indiana Small Claims Rules, as opposed to Trial Rules, govern small claims court actions.

 In urging that the evidence is insufficient to support the judgment, the Herreras seem to argue that at the conclusion of plaintiff Collection Service's "case-in-chief" there was a paucity of evidence

due to the failure of Collection Service to elicit testimony regarding the execution of and default upon the note. They call our attention to T.R. 43(G), which provides, in pertinent part, that "the party on whom rests the burden of the issues must *first* produce his evidence thereon." (Emphasis added). Extrapolating therefrom, the Herreras claim that because Collection Service itself failed to produce sufficient evidence to make its case, it was error for the trial court to find in its favor.

These contentions are not persuasive for several reasons, some of which are legal, others factual. Initially, the Herreras themselves state in their brief that at the outset of the trial Collection Service "responded ... that [it] had nothing to introduce other than the promissory note sued upon." (Appellant's brief at 6). Presumably the note was therefore before the trial court, and the Herreras' later statement that "no evidence was presented" (*Id.* at 11) is inaccurate.

Subsequently, the Herreras acknowledged that they had executed the note and "second mortgage" and were aware of the contents of each. The court thus had before it, from one source or another, the evidence necessary to sustain its decision. *See, e.g., Metropolitan Development Commission v. Waffle House,* (1981) Ind.App., 424 N.E.2d 184 (trans. denied Feb. 26, 1982); *Sears Roebuck & Co. (Auto Dept.) v. Roque,* (1980) Ind.App., 414 N.E.2d 317.

The Herreras insist, however, that the order in which the trial court received the evidence constituted a defect in its decision. Their reliance upon T.R. 43(G) as to order of proof is misplaced. Small Claims Rule 8 expressly states:

(A) Procedure. The trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, *and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence* except provisions relating to privileged communications and offers of compromise.

(Emphasis added). Given the clarity of this rule, we find the Herreras argument to be unconvincing. *See* I.C. 1–1–4–1. Small Claims Rules apply to Small Claims Court proceedings. *See e.g., Churchwell v. Coller & Stoner Building Co.,* (1979) Ind.App., 385 N.E.2d 492.

ISSUE TWO—Was the evidence sufficient to support the judgment?

CONCLUSION—The evidence was sufficient.

■ It has been said that an appellate court does not re-weigh the evidence. In this case, the record establishes that the trial court had before it 1) the promissory note sued upon, 2) the Herreras' acknowledgement of their signatures thereon, 3) the "second mortgage" containing the hold-harmless clause and the acknowledgment of knowledge of its contents and their signatures thereon by the Herreras, 4) the admission by the Herreras that they knew the heater was used, and 5) that the Herreras had indeed received the heater.

Because "[w]hen signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defense establishes a defense" I.C. 26–1–3–307, the evidence was sufficient.

ISSUE THREE—Was the negative judgment entered against the Herreras on their affirmative defenses correct?

CONCLUSION—The negative judgment was correct.

■ The Herreras acknowledge the prevailing standard regarding negative judgments: The evidence must be without conflict and such evidence can only reasonably lead to a conclusion contrary to the one reached by the trial judge. *Town & Country Mutual Ins. Co. v. Savage,* (1981) Ind. App., 421 N.E.2d 704.

■ The affirmative defenses called into question under the rubric of this issue are fraud and failure of consideration. Neither is there any evidence of, nor do the Herreras argue in their brief, the existence of fraud. As to the defense of "failure of consideration," the Herreras operate under

a misapprehension of law. Venerable and basic contract law holds that:

> The consideration agreed upon may indefinitely exceed the value of the thing for which it is promised, and still the bargain stand. The doing of an act by one at the request of another which may be a detrimental inconvenience, however slight, to the party doing it, or may be a benefit, however slight, to the party at whose request it is performed, is a legal consideration for a promise by such requesting party. The evidence on behalf of the appellee was sufficient to warrant the trial court in finding that there was a sufficient consideration to support the note under either one of the legal propositions above announced.

*Mullen v. Hawkins,* (1895) 141 Ind. 363, 40 N.E. 797, 798. Given the fact the Herreras admit receiving a water heater for their note, the defense of failure of consideration is not available to them. The trial court properly decided the affirmative defenses were inapplicable.

ISSUE FOUR—Should special findings of fact have been made by the trial court?

CONCLUSION—Special findings were not required.

Judgment was entered against the Herreras in the following form:

> Court now finds that the sale of the soft water heater was separate and independent of the R/E [sic] transaction and did not involve fraud or failure of consideration. Judgment entered for plaintiff and against the defendant in the sum of $1,018.96, principal and $338.65, for a total judgment of $1,358.61 plus costs of $10.00.

The Herreras assail the form of the court's judgment citing T.R. 52(A) as the basis for their objections. As stated in *Issue One, supra,* the trial rules are not applicable to small claims proceedings. Small Claims Rule 11(A) requires only that judgments be reduced to writing and be entered in the judgment docket. The judgment entered herein comports fully with the applicable rule.

The decision of the trial court is AFFIRMED.

SHIELDS and SULLIVAN, JJ., concur.