**In re the Matter of Cindy S. Brandenburg FLINT, Appellant–Defendant,**

v.

**Jay and Jackie HOPKINS, Appellees–Plaintiffs.**

No. 67A01–9906–CV–203.

Court of Appeals of Indiana.

Dec. 20, 1999.

James H. Holder, Jr., Bainbridge, Indiana, Attorney for Appellant.

Delbert H. Brewer, Greencastle, Indiana, Attorney for Appellees.

## OPINION

BAILEY, Judge

### Case Summary

Appellant–Defendant Cindy S. Brandenburg Flint ("Flint") appeals the judgment entered by a small claims court in favor of Appellees–Plaintiffs, Jay and Jackie Hopkins ("Hopkins") in the amount of $3,035.00. We affirm.

### Issue

The sole issue raised on appeal as stated by Flint reads as follows:

> [D]id the trial court's finding support the elements of fraudulent misrepresentation such that the judgment can be supported by its findings of the trial court made pursuant to TR. [sic] 52.

(Appellant's brief at 1). However, as discussed below, the review of special findings under Ind. Trial Rule 52 is not available on appeal from a judgment entered in small claims court. Therefore, we will review the judgment in the present case under the clearly erroneous standard appropriate for appeals from judgments en-

tered by a small claims court. *See City of Dunkirk Water & Sewage Dept. v. Hall,* 657 N.E.2d 115, 116 (Ind.1995).

### Facts

Flint concedes that the evidence supports the trial court's findings. (Appellant's brief at 1). The facts as found by the trial court reveal that Flint sold Hopkins a house. (R. 11). Flint executed a "Seller's Residential Real Estate Disclosure" as required by IND.CODE § 24–4.6–2, and delivered it to Hopkins. (R. 11). Flint answered "no" to the question on the disclosure form which asked whether there were moisture and/or water problems in the basement or crawl space area. (R. 11). Flint answered "yes" to the question on the form which asked whether the furnace/woodstove/chimney/flue were all in working order. (R. 11). Flint could have answered "Do not Know" on the form. (R. 11).

The basement leaked and damaged the Hopkins' new carpet. (R. 11). The repairs for the water damage cost in excess of $2,000.00. (R. 11). The chimneys were improperly installed and could not be operated safely. (R. 11). The estimate for their repair is $3,000.00. (R. 11). The trial court entered judgment for $3,035.00, representing the small claims jurisdictional limit plus costs. (R. 12). This appeal followed.

### Discussion and Decision

#### A. Flint's Contention

Flint contends that the Hopkins were required to prove fraudulent misrepresentation. Thus, Flint argues, the trial court's findings which do not address every formal element of that cause of action are insufficient to support its judgment under Ind. Trial Rule 52.

#### B. Small Claims Court Judgments

Small claims courts and the small claims divisions of general jurisdiction courts are intended to be places where justice may be dispensed inexpensively

and promptly. *Bowman v. Kitchel,* 644 N.E.2d 878, 879 (Ind.1995). Accordingly, small claims court is intended to be informal. *Id.;* Ind. Small Claims Rule 8(A). Therefore, the portion of Ind. Trial Rule 52 which prescribes a method for obtaining a formalized ruling with special findings from the trial court has no application in small claims court. *Id.; Herrera v. Collection Service, Inc.,* 441 N.E.2d 981, 984 (Ind.Ct.App.1982). Thus, a challenge that a small claims court judgment fails to satisfy the special findings requirement of T.R. 52 is not available in an appeal from a judgment entered in small claims court. *See Herrera,* 441 N.E.2d at 984. Parties who seek more formal litigation and wish to obtain a particularized statement for examination on appeal as provided by T.R. 52 must file their claims in (or transfer their cases to) the plenary docket. *Bowman,* 644 N.E.2d at 879; S.C.R. 2(10).

### C.   Analysis—Adequacy of Findings

■ As the special findings provision of T.R. 52 does not apply in small claims cases, Flint's argument that the trial court's findings do not sufficiently support its judgment under T.R. 52 warrants no appellate remedy. *See Herrera,* 441 N.E.2d at 984. The trial court's judgment in the present case satisfies the requirements of formality prescribed by S.C.R. 11(A). *Id.* Therefore, we find no error.

### D.   Clearly Erroneous Standard

In *City of Dunkirk,* 657 N.E.2d at 116, our supreme court affirmed the decision of a small claims court, holding:

> In the appellate review of claims tried by the bench without a jury, the reviewing court shall not set aside the judgment 'unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.' Ind.Trial Rule 52(A). In determining whether a judgment is clearly erroneous, the appellate tribunal does not reweigh the evidence or determine the credibility of witnesses but

considers only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. A judgment in favor of a party having the burden of proof will be affirmed if the evidence was such that from it a reasonable trier of fact could conclude that the elements of the party's claim were established by a preponderance of evidence. This deferential standard of review is particularly important in small claims actions, where trials are 'informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law.'

(citations omitted).

### E.   Analysis

■ The evidence supports the conclusion that Flint made false representations resulting in the Hopkins' damages. Under the deferential standard of review applicable to small claims cases, we cannot conclude that the judgment was clearly erroneous. Therefore, we find no error.

Affirmed.

MATTINGLY, J., and KIRSCH, J., concur.