J.C. HARBOUR, Appellant–Plaintiff,

v.

BOB ANDERSON PONTIAC, c/o Chris Anderson, Appellee–Defendant.

No. 45A04–9211–CV–397.

Court of Appeals of Indiana, Fourth District.

Nov. 30, 1993.

---

Douglas M. Grimes, Gary, for appellant-plaintiff.

Timothy R. Sendak, Crown Point, for appellee-defendant.

CHEZEM, Judge.

### Case Summary

Appellant-plaintiff, J.C. Harbour ("Harbour"), appeals the trial court's judgment for the appellee-defendant, Bob Anderson Pontiac ("Bob Anderson"). We affirm.

### Issues

■ Harbour presents four[1] issues for our review, which we consolidate and restate as follows:

I. whether the trial court properly denied Harbour's motion to strike Bob Anderson's objections to Harbour's Statement of the Evidence, when the objections were filed more that ten days after Bob Anderson had received service of the statement of the evidence; and

II. whether the judgment is contrary to law.

### Facts and Procedural History

On June 24, 1992, Harbour filed a small claims action against Bob Anderson; he sought rescission of a contract for the purchase of a 1992 Pontiac Bonneville and a refund of both his down payment and other money he claimed to have been overcharged by Bob Anderson. Trial was had on July 27, 1992, but no record of the testimony was taken. Judgment was entered for Bob Anderson.

Harbour filed a praecipe on August 20, 1992. On November 12, 1992, Harbour mailed a copy of his statement of the evidence[2] to Bob Anderson. After receiving no response from Bob Anderson, Harbour

---

1. One of the issues Harbour presents in the "Statement of the Issues" portion of his brief is whether the trial court erred by refusing to allow one of his witnesses to testify at trial. However, because Harbour does not address this issue in the "Argument" section of his brief, the issue is waived. *Crutcher v. Dabis* (1991), Ind.App., 582 N.E.2d 449; Ind. Appellate Rule 8.3(A)(7).

2. Where no transcription of the evidence at trial is taken, Indiana Appellate Rule 7.2(A)(3)(c) provides a means by which the evidence heard may be compiled for purposes of review. That provision states:
   Statement of the Evidence or Proceedings When No Report Was Made or When the Transcript Is Unavailable. If no report of all or part of the evidence or proceedings at the hearing or trial was or is being made, or if a transcript is unavailable, a party may prepare a statement of the evidence of proceedings from the best available means, including his recollection. If submitted contemporaneously with the matter complained of, the statement may be settled and approved by the trial court. If submitted thereafter, the statement shall be served on other parties who may serve objections or prepare amendments thereto within ten (10) days after service. The statement and any objections or prepared amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall become part of the record and be included by the clerk of the trial court in the record.
   If statements or conduct of the trial judge are in controversy, the statement shall be supported by sworn affidavit which shall be submitted to the trial judge for his certification. If he refuses to certify the statement he shall file opposing affidavits. All such affidavits shall be included in the record by the clerk of the trial court.

filed his statement of the evidence with the trial court on December 4, 1992. On December 14, 1992, the trial court issued an order directing Bob Anderson to file objections to Harbour's statement of the evidence within ten days of the order. On December 23, 1992, Bob Anderson filed both objections to Harbour's statement of the evidence and his own statement of the evidence. On January 11, 1993, Harbour filed a motion to strike Bob Anderson's objections and statement of the evidence. On February 2, 1993, the trial court denied Harbour's motion to strike and approved Bob Anderson's statement of the evidence.

The trial judge certified the record and it was filed with this court on February 3, 1993.

### Discussion and Decision

#### I.

Harbour argues that because he did not receive service of Bob Anderson's objections and proposed amendments to Harbour's statement of the evidence within the time limit of Rule 7.2(A)(3)(c), the trial court erred by not granting his motion to strike the objections and proposed amendments. We disagree.

■ The applicable provision here is not Rule 7.2(A)(3)(c), but Appellate Rule 7.2(A)(4). That rule provides:

The transcript of the proceedings at the trial, including all papers, objections and other matters referred to above shall be presented to the judge who presided at the trial, who shall examine the same and if not true, correct the same without delay and as finally settled by the court, shall sign the same, certifying to the same as being true and correct in said proceedings, and order the same filed and made a part of the record in the clerk's office.

The trial judge has the duty to correct any inaccuracies and settle the record. See *Silverthorne v. King* (1979), 179 Ind.App. 310, 385 N.E.2d 473 (where statements or conduct of the trial judge are not in controversy, Appellate Rule 7.2(A)(3)(c) is not applicable); and *Herrera v. Collection Ser-*

*vices, Inc.* (1982), Ind.App., 435 N.E.2d 88 (settlement of the record is a fact finding function and it is the duty of the trial judge to resolve any conflict). If we were to accept Harbour's argument, in those cases where an appellee either does not file or untimely files objections or amendments, the trial court would be bound to accept as true appellant's statement of the evidence even though it may not be accurate. Such a result is not consonant with the purpose of Rule 7.2(A)(4), which requires the trial judge to "examine the [record] and if not true, correct the same without delay...." It is the duty of the trial court, not the parties, to state what the evidence was at trial.

■ The certification of an accurate record, including a statement of the evidence where no transcript has been taken, is a matter left entirely to the trial court's discretion and not subject to review by this court. The trial judge, being present at the trial, is in a better position than we to determine what actually occurred. Once a record has been certified as true by the trial court, that is what we must use to determine the issues raised on appeal.

#### II.

Harbour argues that the trial court erred by not finding in his favor. The facts most favorable to the judgment show that Harbour entered into a contract with Bob Anderson to purchase a grey 1992 Pontiac Bonneville. Several days after taking delivery of the vehicle, Harbour returned to Bob Anderson and inquired about exchanging the grey Bonneville for a green one. Bob Anderson offered to exchange the car if Harbour would pay a $1,000 depreciation charge on the grey Bonneville and a $100 sticker price difference between the two cars. Harbour agreed and received the green Bonneville. Several days later, Harbour discovered that the green Bonneville did not have some of the options that were on the grey one. Harbour returned to Bob Anderson and offered to return the green Bonneville and take back the grey one as he desired to have the missing options. Bob Anderson told Harbour that depending

on whether the financing on the car had been processed, the manufacturer might buy back the green Bonneville. A few days later, Bob Anderson told Harbour that the only thing that could be done was to trade the green Bonneville in on another car.

A judgment is contrary to law when the evidence is without conflict and leads to but one conclusion which is other than that reached by the trial court. *Reasor v. Putnam County* (1993), Ind.App., 615 N.E.2d 131, *reh'g denied.* We neither reweigh the evidence nor judge the credibility of the witnesses, but consider only that evidence favorable to the prevailing party. *Id.*

Harbour's argument that he should have prevailed at trial is an invitation to reweigh the evidence. We decline his invitation.

Affirmed.

CONOVER and ROBERTSON, JJ., concur.