**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MATTHEW G. GRANTHAM**
Bowers Brewer Garrett & Wiley, LLP
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PAULA TACKETT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 35A05-1205-CR-267 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HUNTINGTON SUPERIOR COURT
The Honorable Jeffrey R. Heffelfinger, Judge
Cause No. 35D01-1110-FA-226

**February 27, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Paula L. Tackett (Tackett), appeals her conviction and sentence for Count I, dealing in methamphetamine, a Class A felony, Ind. Code § 35-48-1-1(b)(3)(B)(ii); and Count II, conspiracy to commit dealing, a Class B felony, I.C. §§ 35-41-5-2; -48-4-1.1(b)(3)(B)(iii).

We affirm.

## ISSUES

Tackett raises two issues on appeal, which we restate as:

(1) Whether her sentence was appropriate in light of her character and the nature of the offense; and

(2) Whether the trial court properly denied Tackett's motion to certify a statement of evidence.

## FACTS AND PROCEDURAL HISTORY

On October 25, 2011, a family case manager for the Huntington County department of child services investigated allegations of a minor child being left home alone and the manufacture and use of methamphetamine by the minor's parents. When the family case manager arrived at the residence, she found a note pinned on the front door which read "Don't bother Knocking[.] Junior has left town and [S.T.] is not having company. Please Don't Disturb. Go Away." (State's Exh. No. 2). Although there were lights on inside the house, a television was playing, and dogs were barking, no one opened the door. The following day, the family case manager received a phone call from

2

Tackett, informing the case manager that she and her minor child, S.T., were at a hotel about an hour away.

Meanwhile, police had obtained a search warrant for the residence. During the search, police officers discovered several of the ingredients used to manufacture methamphetamine, including lye, used cold medicine packs, a baggie containing lithium strips, tubing, and several bottles which had been used as generators and reaction vessels. Based on the number of reactionary vessels located, the officers determined that eight separate meth labs had been created inside the residence. The officers also found mail addressed to Tackett.

On October 28, 2011, Indiana State Police Detective Shane Jones (Detective Jones) interviewed Tackett. Tackett admitted that her husband, Raymond Tackett, Jr. (Raymond) manufactured methamphetamine because they needed money. They lived together in the residence and Tackett had witnessed Raymond cooking methamphetamine in the house. She stated that she had purchased lye for Raymond at a local hardware store which he had used to manufacture methamphetamine. Detective Jones also reviewed the pharmacy log of the local Wal-Mart, which showed that Tackett had purchased pseudoephedrine on September 18, 2011, October 7, 2011, and October 22, 2011.

On October 28, 2011, the State filed an Information charging Tackett with Count I, dealing in methamphetamine, a Class A felony, Ind. Code § 35-48-1-1(b)(3)(B)(ii). On March 28, 2011, the State amended the charging Information and added Count II, conspiracy to commit dealing, a Class B felony, I.C. §§ 35-41-5-2; -48-4-

3

1.1(b)(3)(B)(iii). On April 18 through April 19, 2012, the trial court conducted a jury trial. At the close of the evidence, Tackett was found guilty as charged. On May 22, 2012, during a sentencing hearing, the trial court sentenced Tackett to thirty years on Count I and ten years on Count II, with sentences to run concurrently.

On May 23, 2012, Tackett filed a notice of appeal. On August 6, 2012, she filed a motion to stay appeal and remand, which we granted ten days later. On October 15, 2012, Tackett filed a motion to certify her statement of evidence in the trial court. This statement of evidence, verified by Tackett's trial counsel, noted that Tackett "wore a dark blue jail uniform on both days of her trial, as she was in custody during the trial." (Appellant's App. p. 81C). The statement also indicated that "[t]here was no objection to this either on the record, at sidebar, in chambers, or at any other time during the course of this proceeding." (Appellant's App. p. 81C). On November 7, 2012, the trial court denied Tackett's motion to certify statement of evidence because "[t]he statement is not evidence and is an attempt by [Tackett] to certify allegations that are outside of the official record of the proceedings." (Appellant's App. p. 81E).

Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Sentence*

Tackett contends that her thirty-year sentence is inappropriate considering her character and the nature of the offense. Here, Tackett was sentenced to a Class A felony, which carries a fixed term of between twenty and fifty years, with the advisory sentence being thirty years. *See* I.C. § 35-50-2-4. In addition, she was sentenced to a Class B

felony, which has a fixed term of between six and twenty years, with the advisory sentence being ten years. *See* I.C. § 35-50-2-5. As such, Tackett's concurrent sentence of thirty years for the Class A felony and ten years for the Class B felony amounted to the advisory sentence for each crime.

Pursuant to Indiana Appellate Rule 7(B), this court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). A defendant "must persuade the appellate court that his or her sentence has met the inappropriateness standard of review." *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

With respect to Tackett's character, we note that she has a minimal criminal history compared to the severity of the instant charges, with her last conviction dating from 2002. Specifically, she was convicted in 1995 for driving while intoxicated, in 1995 for check deception, conversion in 2000, and perjury and disorderly conduct in 2002. She completed probation whenever she was placed on it. However, as a mother, she allowed her minor child to live in a dangerous situation—a situation she encouraged and actively participated in.

Turning to the nature of the crime, it should be noted that Tackett's minor child was living in the residence where she allowed Raymond to cook methamphetamine. Not

only did she tolerate his culinary pursuits, she also aided him by purchasing the necessary ingredients lye and pseudoephedrine. The evidence indicated that eight separate meth labs had been created inside the home. When officers searched the residence, all but one of the rooms needed to be decontaminated as they had dangerous levels of methamphetamine. The minor child's bedroom "had too high of a level for safety for him to live." (Transcript p. 398). The officers even found dangerously high levels in the ventilation system. These high levels of methamphetamine found throughout the home support an inference that this was an on-going operation.

Based on these facts, we conclude that the trial court's imposition of concurrent advisory sentences is appropriate in light of Tackett's character and the nature of the crime.

## II. *Motion to Certify Evidence*

Next, Tackett contends that the trial court erred in denying her motion to certify her statement of evidence pursuant to Indiana Appellate Rule 31 as the statement sought to clarify a course of conduct that took place during trial. Specifically, she asserts that the motion clarifies an omission in the record, *i.e.*, that Tackett appeared in a dark blue jail uniform.

Indiana Appellate Rule 31 provides, in pertinent part:

If no Transcript of all or part of the evidence is available, a party or the party's attorney may prepare a verified statement of the evidence from the best available sources, which may include the party's or the attorney's recollection. The party shall then file a motion to certify the statement of evidence with the trial court or Administrative Agency. The statement of evidence shall be attached to the motion.

6

If the statement is certified by the trial court, it will then become part of the Clerk's Record. *See* App. R. 31(C). The certification of an accurate record, including a statement of the evidence where no transcript has been taken, is a matter left entirely to a trial court's discretion and is not subject to review by this court. *Harbour v. Bob Anderson Pontiac*, 624 N.E.2d 475, 477 (Ind. Ct. App. 1993). The trial judge, being present at trial, is in a better position to determine what actually occurred. *Id.*

Besides the fact that the trial court's decision to certify a party's statement of evidence is not available for our review, there is a more compelling reason not to apply Indiana Appellate Rule 31 in this situation. Here, Tackett presented us with an entire transcript of not only the trial, but also of the omnibus hearing and several pre-trial hearings. The transcript of the trial itself is complete and there are no parts missing or untranscribable. Merely because counsel omitted to include or object on the record as to what his client was wearing does not now allow him to supplement the record by applying App. R. 31. As such, we cannot say that the trial court abused its discretion by denying certification of Tackett's statement of the evidence.

## CONCLUSION

Based on the foregoing, we conclude that Tackett's sentence was appropriate in light of her character and the nature of the offense; and the trial court properly denied Tackett's motion to certify a statement of evidence.

Affirmed.

BAKER, J. and BARNES, J. concur