## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 03 2019, 7:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Willie Erving Taylor, Jr.
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Willie Erving Taylor, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 3, 2019 <br><br> Court of Appeals Case No. 18A-CR-2198 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Clarence D. Murray, Judge <br><br> The Honorable Kathleen A. Sullivan, Magistrate <br><br> Trial Court Cause No. 45G02-0603-FC-25 |

**Altice, Judge.**

## Case Summary

[1] Willie E. Taylor, Jr., pro se, appeals from the trial court's denial of his Motion to Modify or Correct the Record. Taylor argues that the trial court erred in denying his motion.

[2] We affirm.

## Facts & Procedural History

[3] On October 6, 2005, the State charged Taylor with burglary as a Class C felony, theft as a Class D felony, resisting law enforcement as a Class D felony, and two counts of intimidation as Class D felonies. The State also alleged Taylor to be a habitual offender. A jury trial commenced on September 4, 2007 before the Honorable Natalie Bokota, judge pro tempore. Before voir dire, the trial court held a hearing during which Taylor complained to the trial court about his appointed counsel,[1] saying that "none of the things that I requested" counsel to do "has [] even been addressed," and that his counsel had not "addressed his scope of representation to me period." *Appellant's Appendix Vol. 2* at 38. Taylor's appointed counsel responded to Taylor's complaint, noting that Taylor had been "through four judges, probably like ten lawyers. Up until this point,

---

[1] Taylor was represented by attorney Jerry Peteet, who was years later convicted of attempt to commit murder and racketeering conspiracy in the District Court for the Eastern District of Missouri. *U.S. v. Henley*, 766 F.3d 893 (8th Cir. 2014) (consolidated appeal); *U.S. v. Peteet*, 2013 WL 1768999 (E.D. Mo. Apr. 24, 2013). Peteet was suspended from the practice of law by our Supreme Court on September 6, 2013. *In re Peteet*, 993 N.E.2d 1137 (Ind. 2013).

me and him had a great relationship." *Id*. at 39. Taylor's appointed counsel informed the court that he had spoken with Taylor, had "prepared the case," and was "prepared to go to trial." *Id*. at 39, 40. Taylor then requested a continuance of the jury trial so his family could hire private counsel because he did not "feel safe going to trial" with his appointed counsel. *Id*. at 44. The trial court denied Taylor's request for a continuance and then went off record.

[4] A short time later, the court held another hearing to address the fact that Taylor had stated that he did not want to be present during the trial, he did not want a jury trial, and he was not prepared to proceed. The trial court asked Taylor if he was requesting a bench trial, and Taylor replied by complaining about his appointed counsel. Taylor's counsel asked for time to consult with Taylor, which the court granted. The record next reflects that after a brief recess, the State informed the court that it did not want to proceed with a bench trial and Taylor's appointed counsel stated, "We're gonna take a jury trial, Judge." *Id*. at 51. The court summoned the jury and the matter proceeded accordingly.

[5] Two days later, on September 6, 2007, the jury found Taylor guilty as charged, and, following the second phase of trial, found Taylor to be a habitual offender. On October 12, 2007, the day set for Taylor's sentencing, attorney T. Edward Page filed a motion on behalf of Taylor to continue the sentencing hearing. At the time originally scheduled for the sentencing hearing, Taylor told the court he had replaced appointed counsel with private counsel. Taylor's appointed counsel was present and explained that Taylor was hoping to use a $5000 bond to pay Attorney Page, but that Taylor did not understand that the majority of

such bond money was already assigned to the public defender's office, leaving Taylor with little funds to pay Attorney Page. The trial court reset Taylor's sentencing hearing for October 15 and permitted Taylor's appointed counsel to withdraw.

[6] Taylor's sentencing hearing was eventually held on November 7, 2007, before Magistrate Natalie Bokota, sitting as judge pro tempore. The trial court sentenced Taylor to an aggregate term of twenty-six years executed, to be served consecutive to sentences imposed in two other felony cases. Taylor appealed, and, on July 2, 2008, a panel of this court affirmed his convictions and sentence in a memorandum decision. *Taylor v. State*, 45A04-0712-CR-697 (Ind. Ct. App. July 2, 2008), *trans. denied*.

[7] On January 22, 2009, after Taylor's direct appeal had become final, Taylor filed with the trial court a Motion for Access to Reconstruct Relevant Portions of the Record, asserting that "relevant portions of the record . . . were omitted and missing from the record of proceedings" prepared for his direct appeal. *Appellant's Appendix Vol. 2* at 96. Specifically, Taylor claimed that the record he was provided did not include those parts of the pre-trial hearing held on September 4, 2007, wherein he claimed he told the court that he did not want a jury trial, that there had been a breakdown in communication with his appointed counsel, that his appointed counsel was in violation of the Rules of Professional Conduct, and that he was in the process of hiring private counsel. Taylor also claimed that the record did not include his appointed counsel's statement that, "[W]e took Mr. Taylor's money and he doesn't have any money

to hire private counsel because we took his money." *Id*. at 97. Taylor asserted that he specifically told Magistrate Bokota that he did not want her on his case "because (she) was not legally appointed by his judge Clarence D. Murray to accept jurisdiction over [his] case," but such exchange is not in the record he was provided. *Id*. at 98. Taylor explained that he was preparing a pro se post-conviction petition and requested that the court provide him "with a copy of the foregoing relevant portions of the record that were omitted and/or missing from the Record of Proceedings he previously received." *Id*. at 99. The trial court redenominated his motion as a motion for transcripts of the September 4, 2007 hearings and granted the same. The trial court also granted Taylor access to a copy of his file.

[8] On March 27, 2009, Taylor filed another motion to reconstruct relevant portions of the record that he claimed were missing. The trial court denied this motion, noting that the transcripts of the September 4, 2007 hearings "are contained in the court's file and may therefore, be accessed in any future petition for post-conviction relief." *Id*. at 104. The court also noted that Taylor admitted he had received the desired transcripts.

[9] Fast forward several years, on October 8, 2014, Taylor filed a Motion for a Copy of Transcripts with the trial court. Taylor indicated that he would be filing a petition for post-conviction relief and requested "a copy of the rest of said transcripts that are contained in the courts file as of the order of 3-29-2007, the transcript [sic] that are missing from the transcripts of proceedings SEE EXHIBITS(A)." *Id*. at 116 (bold omitted). Taylor did not attach an Exhibit A

but asked the trial court to "reconstruct relevant portions of the record that are missing from the proceedings held on October 12, 2007" relating to his statements that he had retained private counsel, who, via telephone, informed the court that he was entering his appearance in this case, as well as two others. *Id.* at 116. On October 16, 2014, the trial court granted Taylor's motion for a copy of transcripts and directed the court reporter to prepare a transcript of the October 12, 2007 hearing and to transmit such to Taylor.

[10] On March 4, 2015, Taylor filed a "Motion for a copy of the missing transcripts of Proceedings that I never did receive." *Id.* at 120. Taylor indicated that he had received the transcripts prepared pursuant to the court's October 16, 2014 order, but that he had "again realized that relevant portions of the record were still missing." *Id.* Taylor requested that the court "reconstruct relevant portions of the record that are missing from the transcripts of proceedings held on September 4-of-2007" in accordance with what he had ostensibly outlined in his January 22, 2009 motion. *Id.* at 121. Taylor added that the alleged missing portions of the transcript would show that he "explain[ed] to Magistrate Bokota in minute detail that [his appointed counsel] said he was going to represent [Taylor] in a way that was going to guarantee the State Court a conviction" and that he had claimed that appointed counsel was in violation of numerous Rules of Professional Conduct. *Id.* Taylor claimed that all of his statements in this regard were said in open court and in the presence of a court reporter, but that they are not included in the transcript.

[11]   The trial court directed the court reporter to listen to the court's recording from the hearings in question and notify the court of her findings. On March 16, 2015, the court reporter notified the trial court that the comments Taylor alluded to in his motion were not contained in the transcript of the jury trial, but that such were included in the "Courts [sic] call held prior to the start of the jury trial." *Id*. at 135. The trial court directed the court reporter to prepare a transcript of this part of the proceedings and forward a copy to Taylor. These transcripts recount the events and statements at the hearing held prior to the start of trial on September 4, 2007, and were filed with the trial court clerk on April 8, 2015, along with an order directing that a copy be forwarded to Taylor.

[12]   In July 2015, the trial court clerk also provided Taylor with a copy of the order appointing Bokota as judge pro tempore of the trial court "on September 4, 2007, and from day to day thereafter" until the return of the regular judge for said court. *Id*. at 142. The clerk also provided Taylor with a copy of the order appointing Kathleen Sullivan as judge pro tempore for October 9, 2007, "and from day to day thereafter" until the return of the regular judge for said court.[2]

[13]   This brings us to the motion giving rise to this appeal. On August 20, 2018, Taylor filed a Motion to Modify and Correct Record, asserting that such was "necessary to reveal evidence of material fact not previously heard or presented and is under necessity required to reveal the truth herein." *Id*. at 149. Taylor

---

[2] Judge Pro Tempore Sullivan presided over the October 12, 2007 hearing that was originally scheduled as a sentencing hearing.

alleges that the record in this case was "scrubbed, altered and/or erased." *Id*. at 151. Taylor claims that the record does not include "the section with re: to leaving the defendant defenseless[;] with re: to imposing representation on him [appointed counsel] (now deceased) who at the time of defendant's trial was engaged in criminal activity of which this Court well knew about." *Id*. Taylor also demands proof of the "true 'De Jure' authority" of Magistrate Bokota to act as judge pro tempore over his trial. *Id*. at 153. Taylor also sought an order providing him with copies of the audio recordings of "the trial proceedings" in his case. *Id*. at 152. The trial court denied Taylor's motion on August 22, 2018. Taylor now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[14] Taylor frames his argument on appeal as: "Whether the trial court properly denied [him] proper access to have the record in [this case] modified and corrected under App. R. 32A?" *Appellant's Brief* at 4. Taylor believes that the alleged missing parts of the transcript will support his claims that "the court's assignment of [his appointed counsel] was a deliberate move to effectively 'silence' [him] during his trial proceedings." *Id*. at 12. He also seemingly needs a corrected record to support a claim on post-conviction that "previous and subsequent counsel did effectively silence his claim(s) of fraud by most discernably doing his direct appeal and thereby failing to raise any prosecutorial misconduct claim(s) by failing to object to any part of vindictive and malicious prosecution." *Id*. at 12, 14. In his brief, Taylor also makes brazen, unsupported conspiracy allegations against the judiciary, stating that Magistrate Bokota was

"supplanted to insure conviction to provide 'cover' for [Judge] Clarence Murray as to the actions re: [his appointed counsel]." *Id.* at 15.

[15] Certification of an accurate record is committed to the trial court's discretion. *Harbour v. Bob Anderson Pontiac*, 624 N.E.2d 475, 477 (Ind. Ct. App. 1993). Here, in response to Taylor's claim that the transcripts of the hearings in this cause were not accurate, the trial court ordered the court reporter to listen to the recordings. The court reporter advised the court that she had listened to the recordings and located the parts of the hearings referenced in Taylor's motion. The court reporter prepared a transcript and a copy of such was forwarded to Taylor.

[16] Indeed, the record on appeal contains the transcripts of the proceedings on September 4, 2007, that occurred outside of the jury's presence. There are no apparent gaps in the transcript and there are portions that go along with some of what Taylor claims has been omitted. The transcripts do not contain any reference to Taylor's allegation that he argued to the court that his appointed counsel was in violation of the Rules of Professional Conduct. For that matter, we note that Taylor's appointed counsel's criminal acts did not occur (or were not discovered) until years after Taylor's jury trial was complete. We also note that nowhere in the transcripts does Taylor ever challenge the authority of Magistrate Bokota as he now claims he did during one of the hearings. To that end, we note that included in the record is an order appointing Magistrate Bokota as judge pro tempore of the Superior Court of Lake County, Criminal Division, to conduct business of the court during the absence of Judge Clarence

Murray on September 4, 2007. *See* Ind. Trial Rule 63(E) (setting out the procedure for appointing a judge pro tempore).

[17] Notwithstanding the above, Taylor remains convinced that the transcripts are incomplete. Taylor's request to the trial court to reconstruct the record, however, is without any basis in fact. Taylor was provided with his requested transcripts and the orders appointing Magistrates Bokota and Sullivan as judges pro tempore that covered the dates of those hearings. Aside from his self-serving claims as to what he believed was said during those hearings, Taylor has not otherwise established that the transcripts are lacking. Taylor has not shown that the trial court abused its discretion in denying his most recent motion to supplement the record to support his claims.

[18] Judgment affirmed.

Najam, J. and Pyle, J., concur.